GORDON S. SAUNDERS V. CRESSWELL ROLL FORMING COMPANY, LTD., a corporation of the Dominion of Canada.

*(August* 8, 1951.)

CAREY, J., sitting.

*William Marvel* (of Morford, Bennethum, Marvel and Cooch) for plaintiff.

*Henry M. Canby* (of Richards, Layton and Finger) for defendant.

Superior Court for New Castle County, No. 706, Civil Action, 1950.

CAREY, J.:

In opposing the present motion, the plaintiff contends that a plea of the statute of limitations, being an affirmative defense, is waived when not relied on in the original answer. *Burton v. Waples,* 3 *Harr.* 75, is cited. In that case, the Court held that the plea is to the remedy and not to the substance of the action;

that it deals with the *legal* merits as contrasted with the *real* merits. It was indicated that the Court had no power to permit the change because of the wording of the constitutional provision authorizing the Court to allow amendments in civil actions when necessary in order to try causes according to their real merits. Leave to amend was therefore refused, the Court saying: "There is no reason why these parties, having placed their causes at issue on all the points of defense which the defendant pleased to set up, should now, at the moment of trial, be permitted to amend for any purpose which will not subserve the real merits of the case". A similar ruling had previously been made in *Waples v. McGee, 2 Harr.* 444.

At the time the Burton case was decided (i. e. about 1840), no statute or rule of Court seems to have been in existence which had any bearing upon the matter. The only basis mentioned in justification of the Court's power to allow amendments was the constitutional provision indicated above, which is now found in Section 24, Article IV of the present constitution. In 1852, what is now Section 4888, *Revised Code of Delaware* 1935 came into our statute books. By its terms the Superior Court was given power, at any time before judgment, to allow amendments either in form, or substance, of any process, pleading or proceeding, in such action, on such terms as shall be just and reasonable. In 1899 and 1900, respectively, the cases of *Kirwin Mfg. Co. v. Truxton,* 2 *Penn.* 48, 44 *A.* 427, and *MacFarlane v. Garrett and Barr,* 3 *Penn.* 36, 49 *A.* 175, were decided. In them, it was held that the allowance of amendments, in form or substance, is now a matter of sound judicial discretion. In the MacFarlane case, Judge Spruance pointed out that since 1852 the Court had been very liberal in the allowance of amendments. He also made the very pertinent observation that it was highly improbable that the Court would have denied the amendment requested in the McGee case, if the statute of 1852 had then been in force.

If the decision in *Burton v. Waples, supra,* is correctly understood as being based upon a lack of power to allow amend-

ments of this nature, it clearly does not represent the present law of this State.

■ With respect to the actual exercise of its discretionary power to permit amendments, the present attitude of the Court is reflected in Rule 15(a), which follows the exact language of the Federal Rule of the same number. A party is privileged to amend without leave under some conditions; otherwise only by consent of the adverse party or leave of Court, which "shall be freely given when justice so requires". Of course, under Rule 12(h) the defense of the statute of limitations is waived unless presented in a proper manner at a proper time, but this rule does not prevent the granting of amendments pursuant to Rule 15.

■ The Federal Courts "have not been hesitant to allow amendments for the purpose of presenting the real issues of the case, where the party has not been guilty of bad faith, is not acting for purposes of delay, the opposing party will not be unduly prejudiced or the trial of the issue unduly delayed". 3 *Moore's Federal Practice* (*2nd. ed.*) 828; *Rupe v. Associated Electric Co.*, (*D. C.*) 6 *F. R. D.* 309; *Magee v. McNany*, (*D. C.*) 10 *F. R. D.* 5. I see no reason why a petition for an amendment raising the defense of limitations should be governed by different standards. A request precisely like the present one was granted in *DiTrapani v. M. A. Henry Co.*, (*D. C.*) 7 *F. R. D.* 123.

In this case, the requested change will bring into the case an issue which may be very important to the defendant. There is nothing to indicate bad faith or an intent to delay the matter. No undue prejudice to plaintiff is suggested. The parties agree that no delay in the trial will result, for it cannot take place earlier than November in any event.

The petition to amend will be granted.