Kenneth H. WILSON

v.

Anne F. HAZARD.

Civ. A. No. 55–829.

United States District Court
D. Massachusetts.

Oct. 9, 1956.

**24**

Joseph Blumsack, Somerville, Mass., Leo P. Doherty, Boston, Mass., for plaintiff.

Kenneth C. Parker, Parker, Coulter, Daley & White, Boston, Mass., George C. Caner, Jr., Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., for defendant.

FORD, District Judge.

This is an action for personal injuries arising out of an alleged accident on a Massachusetts highway involving a motor vehicle owned by defendant and operated by her son, Oliver C. Hazard, against whom a companion case, C.A.No. 55–828–F, is pending in this court. Service of process was made on the Registrar of Motor Vehicles under the provisions of Mass.G.L. Ch. 90, § 3A, as amended. Defendant moves to dismiss the action or to quash service on the grounds that service was insufficient.

The facts relied upon by defendant appear from uncontroverted affidavits of defendant and her son. It appears that defendant is a resident of Rhode Island and the owner of the automobile in question. Prior to the accident she had loaned it to her son, who was temporarily living in Massachusetts, without restriction as to its use. At the time of the accident it was being operated by the son solely for his own social purposes.

██ Under the provisions of Mass. G.L. Ch. 90, § 3A, substituted service upon the Registrar may be made only where a motor vehicle has been operated within the Commonwealth by the defendant either by himself or by his agent. Defendant here did not personally operate her automobile in Massachusetts, and on the facts as shown in the uncontradicted affidavits, her son, who was operating it here at the time of the accident was not then operating it as her agent. Consequently, § 3A is inapplicable and the attempted service is ineffective. Since there seems to be no reasonable possibility of service on the defendant by any other method, the action should be dismissed.

██ Plaintiff is not helped by the provisions of Mass.G.L. Ch. 231, § 85A, making evidence that a motor vehicle at the time of an accident was registered in the name of defendant as owner prima fa-

cie evidence it was being operated by a person for whose conduct defendant was legally responsible. This section is clearly intended only to be a rule of evidence applicable to the trial of cases already properly before the court, and not to extend the scope of the provisions for service of process under § 3A of Ch. 90. In any event, § 85A makes the registration prima facie evidence, not that it was being operated by the agent of the defendant, but that it was being operated by a person "for whose conduct the defendant was legally responsible". This is an expression of broader scope which would not establish that the driver was defendant's agent, as required by § 3A.

Defendant's motion to dismiss is allowed.