ORPHA L. BROS and E. M. BROS, *Plaintiffs*, v. JERRY WILKINS, Defendant.

(*September* 4, 1957.)

HERRMANN, J., sitting.

*David Snellenburg, II* (of Killoran and VanBrunt) for the plaintiffs.

*William Prickett, Jr.*, for the defendant.

Superior Court for New Castle County, No. 774, Civil Action, 1956.

HERRMANN, J.:

In this automobile negligence case, the defendant has moved to dismiss the complaint for insufficiency of service of process and for resultant lack of jurisdiction over the person. See Civil Rule 12(b) (5) and 12(b) (2), *Del. C. Ann.*

The sheriff's return recited service upon the defendant by leaving copies of the writ of summons and of the complaint "at his usual place of abode". See Civil Rule 4(f) (1) (I). At a

hearing upon the motion to dismiss, it appeared without dispute that the sheriff left the papers at the defendant's restaurant and not at his dwelling place. The sheriff so testified and asked leave to amend his return to conform to the facts.

The plaintiffs objected to a hearing of matter *dehors* the record on the ground that the case of *Cohen v. Krigstein,* 10 *Terry* 256, 114 *A.* 2d 225, requires that the sheriff's return be accepted as conclusive and that, therefore, the defendant may not question the sufficiency of the service of process under these circumstances.

The case of *Cohen v. Krigstein* does not so hold. In that case, the sheriff's return reported personal service upon the defendant. The defendant sought to attack the veracity of the sheriff and the verity of his return by contradicting the sheriff and by denying that he had been served. The issue presented in that case was the credibility of the sheriff versus the credibility of the defendant.

The instant case, on the other hand, does not involve an attack upon the sheriff's veracity. The facts here are uncontroverted and the sheriff seeks to amend the return to reflect the facts accurately.

The right to question the sufficiency of service of process by bringing an irregular or defective service to the attention of the Court in a proper manner is settled in this jurisdiction. See *Woolley on Delaware Practice,* §§ 186, 212, 213; Civil Rule 12(b) (5); *Allder v. Hudson,* 9 *Terry* 489, 106 *A.* 2d 769, 46 *A. L. R.* 2d 1237; *King v. Fisher,* 10 *Terry* 374, 117 *A.* 2d 76. In the latter cases, the Court was called upon to test the soundness of conclusions of law and fact contained in the sheriff's return. Those cases did not involve an attack upon the sheriff's veracity and are not in conflict with *Cohen v. Krigstein, supra.* The ruling in the Cohen case, reluctantly made, should be limited to the facts of that case and should not be permitted to create confusion where none need exist.

■■■■ Leave will be granted to the sheriff to amend the return to conform to the facts. See *Wooley on Delaware Practice*, § 206; Civil Rule 4(i). As so amended, the return will show that the service of process was defective and insufficient because not accomplished in compliance with the Rule permitting substituted service. See *Woolley on Delaware Practice*, §§ 186, 212, 213.

■■■ The question then arises as to the result of such insufficient or defective service. Under the older practice, the sheriff's return would be ordered vacated and the plaintiffs would proceed to secure service by *alias* or *pluries* writ at a subsequent term. See *Woolley on Delaware Practice*, §§ 320, 326. This is not possible under our present practice.

Civil Rule 4(g) provides in part:

"Original process, whether an original, alias or pluries writ shall be returnable 20 days after the issuance of the writ * * *."

Civil Rule 4(a) provides in part:

"* * * No alias or pluries writ shall issue except within 20 days after the return day of the preceding writ."

Because of those Rules and the lapse of time, the plaintiffs may not have an *alias* writ and there appears to be no alternative but to dismiss the action for insufficiency of service of process.

■■■ The Court is reluctant to do this because (1) the difficulty here is technical; (2) it is not the fault of the plaintiffs, having been caused by the error or neglect of the sheriff; and (3) the ordinary period of limitations has expired. I am of the opinion, however, that the plaintiffs may, if necessary, invoke the provisions of 10 *Del. C.* § 8117(a) which provides:

"If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; * * * a new action may

be commenced, for the same cause of action, at any time within 1 year after the abatement or other determination of the original action, * * *."

It seems clear to me that this Statute will be available to the plaintiffs, if needed, and that the plaintiff's cause of action will not be unjustly barred by limitations by reason of the sheriff's mistake or neglect. For this reason only, I am content to order dismissal of the action as a way out of the procedural dilemma created in a situation of this kind by Rules 4(a) and 4(g), supra.

Order on notice.