IsAAC N. GILES, Defendant Below, Appellant, v. MATTEO RODOLICO, Executor of the Estate of Adeline Rodolico, Plaintiff Below, Appellee.

MATTEO RODOLICO, Executor of the Estate of Adeline Rodolico, Plaintiff Below, Appellant, v. IsAAC N. GILES, Defendant Below, Appellee.

(*March* 28, 1958.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Joseph H. Flanzer* for appellant.

*Harold Shaffer, Edmund N. Carpenter, II,* and *Stephen E. Hamilton, Jr.,* for appellee.

Supreme Court of the State of Delaware, Nos. 44 and 47, 1957.

WOLCOTT, J.:

These are cross-appeals from a final judgment of the Superior Court of New Castle County dismissing the action below and granting leave to the plaintiff to file a new action under 10 *Del. C.* § 8117.

The plaintiff seeks reversal of the dismissal of the action while the defendant seeks reversal of the granting of leave to the plaintiff to file a new action.

The cause of action is for personal injuries growing out of an automobile accident which occurred on October 2, 1955. The applicable statute of limitations period being one year, the plaintiff filed this action on August 1, 1956. A summons issued which, on September 4, 1956, was returned by the sheriff *non est inventus.* On October 22, 1956, 48 days after the return of the original writ, a praecipe was filed for the issuance of an alias summons.

Thereupon, the defendant moved to dismiss the complaint on the basis of Superior Court Rule 4(a), *Del. C. Ann.,* which provides, *inter alia,* that "no alias or pluries writ shall issue except within 20 days after the return day of the preceding writ." The defendant contended that the suit was a nullity because no jurisdiction over the person of the defendant was obtained under the original writ, and no alias writ could be issued

to bring the defendant into court because more than 20 days had elapsed after the return of the original writ. It is, of course, obvious that by this time the one year period of limitation had run from the date of the accident.

The plaintiff in opposition to the motion to dismiss filed an affidavit of one of her then attorneys. From this affidavit it appears that the sheriff had been instructed by him to serve the defendant at an address at which he had formerly lived; that, relying upon a letter dated November 23, 1955 from the insurance adjustor representing the defendant's insurer, he had assumed the defendant's address was unchanged; but, that the defendant in fact had changed his address; that from the adjustor's direction to address all future correspondence to him he had assumed that he would be notified of a change in the defendant's address. The affidavit further showed that the attorney, following the filing of the action, was married and thereafter was away on his wedding trip during which time the original writ was returned *non est inventus.* After the return of the attorney, he learned on October 20, 1956 of the *non est* return of the original writ and thereupon immediately caused an alias summons to be issued. Upon this showing the plaintiff argued that these circumstances amounted to "excusable neglect" within the meaning of Superior Court Rule 6(b) permitting an enlargement of time for such a cause.

The court below ruled that since the plaintiff had two attorneys in the cause, and since the one attorney's wedding trip ended prior to the expiration of the 20-day period for the issuance of an alias writ, no showing of excusable neglect had been made. The court further ruled that the failure to issue an alias writ within the prescribed time limit constituted a failure to obtain jurisdiction over the defendant and therefore dismissed the action. The court, however, went on to state that the policy of the Superior Court is to avoid forfeiture of substantive rights because of procedural technicalities and, as a part of its order dismissing the action, granted leave to the plaintiff to commence a new action under 10 *Del. C.* § 8117.

The plaintiff attacks in this court the order of dismissal on the ground that an exact application of the referred to provision of Superior Court Rule 4(a) serves no useful purpose and is obsolete. The abolition of terms of court and the modernization of procedure and practice in the Superior Court by the 1948 rules are cited as evidence of the drawing away of the Superior Court from the strict exactitude of common law procedure and practice. The defendant argues that the requirement that an alias writ be issued not later than 20 days after the return of the original writ is a sterile remnant of the technicalities of common law practice and is in fact a trap for the unwary.

There is no doubt that prior to the Rules of 1948 the then existing practice required the issuance of an alias writ after a return of *non est inventus* as to the original writ, at the next succeeding term of court, and if a term of court elapsed between the successive writs, the original writs and the suit became a nullity which could not be cured by the issuance of an alias writ and its service at a term other than the next succeeding term. *Woolley on Delaware Practice*, §§ 330, 320; *Webb Packing Co. v. Harmon*, 9 *W. W. Harr.* 22, 196 *A.* 158. In our view the referred to provision of Rule 4(a) of the Superior Court is designed to take the place of the former practice of governing the issuance of writs by terms of court, the procedural significance of which is now abolished.

It does not serve to argue as does the plaintiff that the 20-day period for the issuance of alias writs serves no useful purpose and thus should be disregarded, for the reason that jurisdiction over persons can be acquired by the courts of this state solely through service of compulsive process. *Cf. Canaday v. Superior Court*, 10 *Terry* 456, 119 *A.* 347. It is still necessary, therefore, in order to keep a suit alive and to toll the running of the statute of limitations that it not be permitted to abate by inaction. It follows that there must be continuity in the issuance of process through which, and only through which, the court can acquire jurisdiction over the person of a defendant. *Cf. Webb Packing Co. v. Harmon, supra.*

■ We are of the opinion, therefore, that the failure to issue an alias writ not later than 20 days after the return of the original brought the proceeding to an end; that it at that time fell into abeyance; and, since in our opinion the attorney's affidavit falls short of proving "excusable neglect" for the failure to comply with the rule, the action was properly dismissed. This disposes of the plaintiff's appeal.

The defendant, however, appeals from that portion of the final judgment purporting to grant leave to the plaintiff to file a new action pursuant to the provisions of 10 *Del. C.* § 8117. That section is as follows:

"If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or if after a verdict for the plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which vitiates the proceedings; or if a judgment for the plaintiff is reversed on appeal or a writ of error; a new action may be commenced, for the same cause of action, at any time within 1 year after the abatement or other determination of the original action, or after the reversal of the judgment therein."

■ A reading of the section makes it plain that it confers upon litigants an absolute right to file a new action under certain conditions, and that one of those conditions is not leave of court. It is thus apparent that the Superior Court exceeded its authority in purporting to grant leave to file a new action in a final judgment dismissing an action. The case of *Bros v. Wilkins,* 134 *A.* 2d 636, a decision of the Superior Court under somewhat similar circumstances, is not authority for the action by the court below in this cause. In the *Bros* case an action was dismissed and the court in its opinion went on to say that because the circumstances were such as clearly to permit the filing

of a new action under § 8117, it was less reluctant to order a dis-missal. The remarks thus made in the opinion of the *Bros* case are clearly dictum and do not purport to be a grant of leave to the plaintiff in that litigation to file a new action. Nor does it appear that the judgment purported to do so.

For the foregoing reasons the judgment below is affirmed as to that part which dismissed the plaintiff's action, and reversed as to that part which purported to grant leave to file a new ac-tion.

This conclusion disposes of these two appeals. The plaintiff, however, points out that a new action has already been com-menced in the Superior Court between these same parties upon this same cause of action, purportedly pursuant to the leave granted by the final judgment which we have reversed. Un-doubtedly, the right of the plaintiff to institute a second action under § 8117 either has been or will be interposed as a defense to the new action. It is, of course, true that either the plaintiff or defendant would have the right of appeal to this court to re-view the disposition of this defense, but such right would come only after final judgment. It is suggested, therefore, that we consider at this time the right of the plaintiff to proceed via a new action under § 8117, although the question is not technically before us. Since it is obvious that much saving in the way of time, expense and effort might be made if we proceed to do so, we have concluded to express our views upon the plaintiff's right to file a new action.

§ 8117 provides that in any action in which the writ fails by unavoidable accident or by the default of the officer serving it, or if the writ abates, or if the action is defeated by the death of a party, or if it is defeated by any matter of form, that a new action may be commenced for the same cause of action at any time within one year after the abatement.

This statute finds its forerunner in a statute enacted by 7 *Laws* 266 in 1829 which provided for the filing of a new action

if an adverse judgment against a plaintiff be afterward reversed or be entered on a plea in abatement.

This early act came before the court in *Bishop v. Wilds' Adm'r,* 1 *Har.* 87. In considering its purpose and effect, the court refers to an English statute upon which the 1829 act was patterned, and makes the following remarks:

"It may not be amiss to remark, that this section has in England received not a rigid or merely literal construction, but a liberal one; and that cases not within the *words* of the section * * * have by an equitable construction of that section been held within it. The inclination of the courts in England has not been to circumscribe the operation of this section, but rather to enlarge its limits and to embrace within it those cases which *equitably* ought to be covered by it." (Emphasis not supplied.)

We think the quoted language of the court established a policy of construction for that early statute which carries over to the succeeding statutes. That § 8117 is a similar statute admits of no doubt because it, too, is designed to mitigate against the harshness of the defense of the statute of limitations raised against a plaintiff who, through no fault of his own, finds his cause technically barred by the lapse of time. The instant case seems to us to be typical for, through a careless oversight of counsel, this plaintiff will be otherwise denied his day in court.

We think this action "abated" within the meaning of § 8117. It is true that it was properly dismissed for failure to obtain jurisdiction, but that failure arose because of the technical requirements of the service of process in order to obtain jurisdiction, but not because of any fault of the plaintiff. We think it would be a miscarriage of justice to hold that no cause of action can now be brought by reason of the expiration of time. We think this result complies with the purpose of Rule 1 of the Superior Court enjoining a construction of the rules "to secure the just, speedy and inexpensive determination of every proceeding". Within limits, in our view, the most just determination of

a proceeding is on the merits and not by reason of technical defects in the necessary requirements concerning the service of process.

We do not intend to approve a practice which would make § 8117 a refuge for careless and negligent counsel, but in this case, while there is no legal excuse for the failure to issue an alias writ at the proper time, it appears that no harm will result from the allowance of a second suit. There can be no question of harm to the defendant arising from the late filing for it clearly appears that his insurance adjustor knew not only that the original action had been filed within the year, but also that through faulty directions to the sheriff the defendant had not been served with process. There was, of course, no duty on the adjustor to correct the plaintiff's attorney's mistake, but by the same token, knowledge of the attempt to file an action put the defendant on notice that he was going to be sued. It is difficult to see how he will be harmed by a new suit under § 8117 filed immediately the error was brought to the attention of his attorney. The circumstances are such as to make this case one "which *equitably* ought to be covered" by § 8117.

The judgment below is affirmed in part and reversed in part.