CHARLES B. GOSNELL, Defendant Below, Appellant, v. JANET WHETSEL, Plaintiff Below, Appellee.

(*March* 11, 1964.)

TERRY, C. J., and WOLCOTT and CAREY, J. J., sitting.

*John P. Sinclair* (of Berl, Potter and Anderson) for appellant.

*Thomas Herlihy, Jr., Thomas Herlihy, III, Joseph M. Kwairkowski* and *Francis J. Trzuskowski* for appellee.

Supreme Court of the State of Delaware.

TERRY, Chief Justice.

On November 4, 1959, plaintiff began Civil Action No. 1255, 1959, against defendant for injuries allegedly sustained as the result of a motor vehicle accident on November 12, 1958. At this time, the applicable statute of limitations governing personal injury actions was one year. Following two unsuccessful attempts to effect service of process, service was purportedly made on April 26, 1960, by leaving a copy at the residence of defendant's grandmother, which was described in the Sheriff's return

as the defendant's usual place of abode.

On May 11, 1960, defendant filed a motion to dismiss the action upon the grounds of improper and ineffective service of process. On November 17, 1961, the Superior Court granted the motion of defendant and dismissed the complaint for insufficiency of service of process. Following appeal to this court, we affirmed the judgment of the lower court on April 26, 1962. (*Whetsel v. Gosnell,* Del., 181 A.2d 91, 1962.)

On November 21, 1962, plaintiff began the instant action, No. 1467 C.A.1963, and, again following two unsuccessful attempts to effect service of process, personal service was obtained on March 22, 1963. Immediately thereafter, defendant moved to dismiss the complaint upon the grounds that the action was barred by the statute of limitations. Following judgment in the lower court adverse to his position, defendant has appealed to this court.

To overcome the bar of the statute of limitations, plaintiff, in her complaint and in argument upon this motion, has relied upon the provisions of 10 *Del. C.* Sec. 8117(a) which provides:

"If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or if after a verdict for the plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which vitiates the proceedings; or if a judgment for the plaintiff is reversed on appeal or a writ of error; a new action may be commenced, for the same cause of action, at any time

within 1 year after the abatement or other determination of the original action, or after the reversal of the judgment therein."

The briefs filed by defendant in the lower court and before this court indicate that defendant, at various times, has advanced three separate and somewhat inconsistent positions in support of his motion to dismiss the complaint. In his original brief before the lower court, defendant argued that the above-cited statute is inapplicable to the instant case since the one year period established by the statute began to run on November 17, 1961, the date of the dismissal of the original action by the Superior Court. Although the argument has apparently been abandoned, we deem this question of sufficient importance to require our decision, especially since it was passed on by the court below.

The prevailing rule is succinctly established in 79 A.L.R.2d 1276:

"Under various renewal statutes, it has been held in an overwhelming majority of cases that the time limited for the recommencement of an action is to be measured from the date of the affirmance on appeal of a judgment or decision adverse to the plaintiff, not from the date of the adverse decision or judgment below. In other words, the plaintiff is not required to risk his privilege of renewal by taking an appeal."

Accord: *Adams v. St. Louis-San Francisco Railway Company*, 326 Mo. 1006, 33 S.W.2d 944, 83 A.L.R. 474 (1930); *Zielinski v. United States*, 120 F.2d 792 (2nd Cir., 1941) (Dictum); *Holland v. Schwartz*, Sup., 22 N.Y.S.2d 283 (1940); and 34 Am.Jur., Limitation of Actions, Sec. 282.

[2, 3] Defendant, however, contended that 10 *Del. C.* Sec. 8117(a) by specifying only *reversal* of judgments

for plaintiff as a ground for application of the statute necessarily excluded affirmance of judgments adverse to plaintiff as a relevant factor in the computation of the one year period. It is obvious, however, that the statute is designed to allow a plaintiff, within prescribed limitations, one year to file a second cause of action following a final judgment adverse to his position if such judgment was not upon the merits of the cause of action. Obviously, if the initial judgment in the trial court was favorable to the plaintiff, plaintiff has no need to avail himself of the savings statute. Accordingly, we are of the opinion that, assuming the statute is otherwise applicable, plaintiff has brought her action within the one year period required by the statute.

Defendant's second position, initially advanced in the reply brief in the court below, is that no abatement occurred within the meaning of the saving statute since the decision of the lower court merely held the process insufficient. Therefore, defendant argued, the action · continued until October 12, 1962, six months from the date of the non est return of the second pluries writ. In any event, it is difficult to perceive how this later abatement would strengthen defendant's position. Defendant compared his motion in the original cause of action to the common law motion to vacate the Sheriff's return. See Wooley On Delaware Practice, Secs. 212, 213; and *Bros v. Wilkins*, 11 Terry 475, 50 Del. 475, 134 A.2d 636 (Superior Court, 1957).

 Under the present rules of pleading, however, a defendant, objecting to insufficient service of process, may move to quash the writ or, alternatively, to dismiss the complaint. See Form 19 of the Appendix of Forms to the Civil Rules of the Superior Court, *Del. C.* Such an objection, presented in the form of a motion under Rule 12, is in the nature of a plea of abatement. See Baron and Holtzoff, Federal Practice and Procedure, Volume 1A, Sec.

355; and *Sweeney v. Greenwood Index-Journal Company,* 37 F.Supp. 484 (U.S.D.C.W.D.S.C., 1941).

■ ■ The court, in ruling upon a motion to dismiss or to quash, predicated upon insufficient service of process, may, if the evidence warrants, merely quash the writ or, alternatively, if the facts indicate that plaintiff will be unable to effect service of process in the foreseeable future, dismiss the action entirely. See *Horlick Company v. Bogue Electric Manufacturing Company,* 140 F.Supp. 514 (U.S.D.C.D.Mass., 1956); *Jones v. Motorola, Inc.,* 186 F.2d 707 (2nd Cir., 1951); and *Wilson v. Hazard,* 145 F. Supp. 23 (U.S.D.C.D.Mass., 1956). In the original case, as noted above, the lower court elected to dismiss the action entirely, and its decision was affirmed by this court. Accordingly, it is clear that the action abated, within the meaning of the statute, upon affirmance of the judgment of the lower court.

■ ■ Defendant's third position, advanced before this court, is that the instant case is not within the terms of the savings statute since the statute, with respect to failure of service of process, applies only to two limited categories:

(a) Failure of a writ by unavoidable accident, or

(b) Failure due to a default or neglect of the servicing officer.

Statutes such as 10 *Del. C.* Sec. 8117(a) have a remedial purpose and should be liberally construed. See *Wilt v. Smack,* 147 F.Supp. 700 (U.S.D.C.E.D.Pa., 1957). A reading of the statute clearly indicates that abatement, in and of itself, is a separate and distinct ground for invoking the provisions of the statute. The language "for any matter of form" qualifies the phrase "or the action otherwise avoided or defeated" and does not qualify or limit the lan-

guage referring to the abatement of the action. See *Hayden v. Caledonia National Bank of Danville,* 112 Vt. 491, 28 A.2d 389, 142 A.L.R. 1178 (1942), and *Giles v. Rodolico,* 1 Storey 143, 51 Del. 143, 140 A.2d 263 (1958). Accordingly, upon affirmance of the judgment of dismissal in the initial action, the cause of action abated, i.e., was effectively destroyed, and, therefore, the statute became applicable. See *Giles v. Rodolico,* cited supra, and *Sweeney v. Greenwood Index-Journal Company,* cited supra.

■ Defendant's final contention is that there are no equitable considerations favoring plaintiff's position because of the delay in bringing the second action. In the first place, 10 *Del. C.* Sec. 8117(a) gives plaintiff an absolute right to bring this action if she is within the terms of the statute. See *Giles v. Rodolico,* cited supra. Secondly, the law favors a decision of controversy upon the merits of the dispute, and defendant has not been prejudiced since he was given prompt notice of plaintiff's intention to litigate. See *Wilt v. Smack,* cited supra.

Accordingly, the judgment of the court below is affirmed.