JOHN JAMES VARI, Plaintiff, v. FOOD FAIR STORES, NEW CASTLE, INC., a corporation of the State of Delaware, Defendant.

(*March* 19, 1964.)

STIFTEL, J., sitting.

*Sidney Balick* for plaintiff.

*Albert L. Simon* for defendant.

Superior Court for New Castle County, No. 333, Civil Action, 1963.

STIFTEL, Judge.

Plaintiff was allegedly injured on September 28, 1959,[1] in a store operated by the defendant, Food Fair Stores, New Castle, Inc. Originally, this plaintiff filed suit in this Court on September 7, 1960, against Food Fair Stores Corporation, upon whom service was made on September 13, 1960. On October 3, 1960, after the one-year statute of limitations had run, Food Fair Stores Corporation filed an answer denying that it either owned or controlled the property on which plaintiff was allegedly injured; and on October 17, 1960, Food Fair Stores Corporation filed its motion for summary judgment on the basis that it was not the proper defendant.

On November 16, 1960, plaintiff filed a motion to amend his complaint by changing the party defendant to the present defendant, Food Fair Stores, New Castle, Inc. This Court, at that time, granted plaintiff's motion to amend his complaint and denied Food Fair Stores Corporation's motion for summary judgment. Food Fair Stores Corporation appealed these decisions to the Supreme Court of Delaware. The Supreme Court reversed the Superior Court on April 18, 1963, and remanded the cause with instructions to reverse the order permitting an amendment to the complaint and ordered entry of summary judgment

---

[1] At the time of this injury, Delaware had a one-year statute of limitations for personal injuries. On July 9, 1960, the statute of limitations was changed to two years for personal injuries and was made inapplicable to any injury occurring prior to this date.

in favor of defendant Food Fair Stores Corporation. Plaintiff moved for reargument, pursuant to Supreme Court Rule 13, *Del. C.* It was denied.

On July 10, 1963, this plaintiff instituted the present suit against Food Fair Stores, New Castle, Inc., reciting, in substance, the facts set forth above and relying on 10 *Del. Code,* § 8117(a), sometimes known as the "saving statute", to prevent the statute of limitations from barring this suit; whereupon, this defendant moved for summary judgment on the grounds that: (1) the statute of limitations barred this suit; and (2) 10 *Del. Code,* § 8117 (a), cannot be used under the facts of this case to remove the bar.

In *Food Fair Stores Corporation v. Vari,* Supreme Court, Del., 191 A.2d 257, the Court followed *Hackett v. Bethlehem Steel,* 5 W.W.Harr. 317, 165 A. 332, in denying plaintiff's motion to substitute the new party defendant after the statute of limitations had run, by explaining that "the amendment should be refused since plaintiff was attempting to substitute a new party defendant which could not be done absent some mitigating circumstances to excuse the plaintiff's negligence in having sued the wrong party." The Court, recognizing the principle that leave to amend should be given freely when justice requires, stated as follows:

"* * * Civil Rules are not intended to permit a party and his counsel to proceed with laxity and excuse that laxity by an appeal to the court's sense of fair play. Rules of court are intended to speed up and promote the decision of causes on their merits, but this does not mean that any failure to comply with the rules may be excused on the ground that a decision upon the merits will not be obtained. Absent a showing of having been misled or excusable neglect, the rules, we think, are to be applied as

written. Plaintiff makes no showing to excuse his neglect in the case at bar, nor has the defendant done anything to mislead."

Plaintiff argues that in spite of this adverse ruling of the Supreme Court on his motion to amend, he is, nevertheless, entitled to relief under 10 *Del. Code,* § 8117(a), since granting leave to amend under Rule 15 is discretionary with the Court, while Section 8117, if applicable, confers an absolute right to plaintiff.

While it is true that litigants have a right to file a new action without leave of the court under Section 8117, see *Giles v. Rodolico,* 1 Storey 143, 140 A.2d 263, 266, this right is subject to the provisions of the statute, which provides as follows:

"§ 8117.

"(a) If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or if after a verdict for the plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which vitiates the proceedings; or if a judgment for the plaintiff is reversed on appeal or a writ of error; a new action may be commenced, for the same cause of action, at any time within 1 year after the abatement or other determination of the original action, or after the reversal of the judgment therein.

"(b) If in the original action, the benefit of this chapter is pleaded, and a verdict upon such defense is found for the plaintiff, such verdict shall be conclusive

evidence that the original action was commenced within the time limited therefor."

■ A determination of plaintiff's right to proceed in this action is controlled by the particular statutory language of Section 8117 and the general construction thereof. No language in the statute specifically or inferentially grants a plaintiff a right to bring an action against a new corporate defendant where the original action, timely begun, failed because an improper corporate defendant was sued. The statute applies principally to a suit that is already commenced against the same defendant but which fails to reach a final effective judgment on the merits because of one of the reasons enumerated in the statute; see e.g., dictum in *Bros v. Wilkins*, 11 Terry 475, 134 A.2d 636, 638. In addition, the last category in Section 8117 provides that if a judgment for the plaintiff is reversed on appeal or a writ of error, a new action may be commenced for the same cause of action at any time within one year after the abatement or other determination of the original action or after the reversal of the judgment therein. This language is similar to that used in Section 10 of the Act of 1829[2] found in 7 Laws of Delaware, p. 269. The general design of the Legislature in enacting the 10th section of the Act of 1829 was to protect the rights

---

[2]Section 10 of the Act of 1829 (7 Laws of Del. 269) reads as follows:

"Section 10. *Provided also,* That if in any action, judgment shall be rendered for the plaintiff, and the said judgment be afterward reversed, or verdict be given for the plaintiff, and judgment be arrested, or judgment be arrested, or judgment be given against the plaintiff on a plea in abatement, or the plaintiff or defendant die, after writ sued and before the defendants appearance, a new action may be brought upon the same cause of action at any time within a year after said reversal, arrest, abatement or death. This proviso however shall not avail, if the first action, at the time of bringing it, were barred by this act; but if this act were pleaded in the first action, and verdict thereupon found for the plaintiff, such verdict shall be conclusive evidence that the first action was not at the time of bringing it barred by this act."

of those who had prosecuted their action within the time limited for bringing such actions and upon a reversal of judgment to give plaintiff the right to renew the action within a year from the date of such reversal; see *Bishop v. Wilds' Adm'r*, 1 Harr. 87, 98. Essentially, the "saving statute" is a renewal statute. See first paragraph, p. 1272, 79 A.L.R.2d. Thus, as a result of Section 8117, the time is extended because the new action is considered as a continuation or renewal of the former action and they must be substantially the same, involving the same parties; and this must appear from the record in the case and cannot be shown by testimony or other evidence aliunde the record. See *Rowland v. Beauchamp*, 253 N.C. 231, 116 S.E. 2d 720, 723; 79 A.L.R.2d 1263, 1268. This suit, while on the same claim, is not against the same party defendant which was sued in the original action. *Cf., Sorenson v. The Overland Corp.*, D.C.Del., 142 F.Supp. 354, 363; but see, Anno., 3 A.L.R. 824. While liberality of approach in the construction of these statutes is recommended, an exception should not be read into a statute which does not, in fact, exist expressly or by inference. *Patterson v. Vincent*, 5 Terry 442, 61 A.2d 416, 418. Liberality of construction is not an absolute tool where the difference is one of kind and not degree. See *Sorenson v. The Overland Corp.*, supra.

■ ■ If plaintiff has an absolute right to renew his action against a different corporation, without leave of the court, *Giles v. Rodolico*, supra, then there would be no reason for plaintiff to resort to a motion to amend to accomplish the same result. Since this Court has no discretion in the right to use such statute when it is applicable, plaintiff's new affidavit filed with this motion, which presents facts not before the Supreme Court, denying that the adjuster stated to him that the wrong company had been sued and denying that the adjuster told him to make

a further check, which is aimed at moving my discretion to permit the use of Section 8117, appears inappropriate. These facts should have been submitted to the Supreme Court for its consideration when it was acting on plaintiff's motion to amend.

Plaintiff's argument that this Court should deny defendant's motion because the present defendant received adequate notice of the claim because the adjuster handled claims for both corporations; the resident agent was the same for both corporations; and two of the officers were the same for both corporations, was made to the Supreme Court without success. The Supreme Court recognized the power of the Superior Court to grant relief, but did not consider such relief appropriate on the facts before it. This Court has no power under Section 8117, Title 10, *Delaware Code,* to grant plaintiff relief.

I find, therefore, that the bar of the statute of limitations is not avoided by this action, where the suit on the same cause of action is not between the same parties.

Defendant's motion for summary judgment granted.