**Ernest PURNELL and Yolanda Purnell, his wife, Plaintiffs,**

**v.**

**Alfred DODMAN and Frances Dodman, his wife, Defendants.**

Superior Court of Delaware, New Castle.

Oct. 15, 1973.

Arthur Inden, William F. Taylor, Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiffs.

Stephen P. Casarino, Tybout, Redfearn & Schnee, Wilmington, for defendants.

## OPINION

WALSH, Judge

This personal injury action arose out of an automobile accident which occurred on August 31, 1968, and was initially filed in this Court on July 8, 1970. Plaintiffs' attempted service under the non-resident motorist statute (10 Del.C. § 3112) was ineffective and resulted in the dismissal of the complaint. The factual background of that aspect of the case is fully set forth in the opinion of this Court dated October 12, 1972 and reported at 297 A.2d 391. No appeal was taken. On February 21, 1973, the plaintiffs filed a new complaint on the same cause of action and were successful in securing effective service upon the non-resident defendants. A motion to dismiss was promptly filed by the defendants on the ground that the applicable Delaware Statute of Limitations (10 Del.C. § 8118) bars the action. After briefing this is the decision on defendants' motion.

Plaintiffs rely upon the so-called Delaware "Savings Statute" (10 Del.C. § 8117) as authority for the filing of their latest complaint. That statute provides:

"(a) If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or if after a verdict for the plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which vitiates the proceedings; or if a judgment for the plaintiff is reversed on appeal or a writ of error; a new action may be commenced, for the same cause of action, at any time within 1 year after the abatement or other determination of the original action, or after the reversal of the judgment therein."

Plaintiffs assert that since their failure to effect proper service resulted in the dismissal of the complaint on a "matter of form" the Savings Statute affords them an additional period of one year from the date of such dismissal in which to commence a new action. Defendants maintain, to the contrary, that this Court's earlier decision construed the Statute of Limitations to be a permanent bar to the maintenance of the action but, even if this Court did not so in-

tend, plaintiffs fail to bring themselves within the ambit of the Savings Statute since the original action had not been "duly commenced".

■ Preliminarily, I hold that this Court's previous decision was not intended to construe the rights of the plaintiffs with respect to the Savings Statute. The prior opinion did result in the dismissal of the complaint and determined that the action had not been properly commenced within the appropriate period of the statute of limitations. This is so because while the complaint was originally filed within the two-year period, plaintiffs' failure to put the judicial machinery into action, in effect, represented a jurisdictional barrier to the Court considering the matter. However, the plaintiffs did not argue the effect of the Savings Statute since both sides directed their efforts to the efficacy of the original complaint filed within the two years of the date of the accident. Thus, the Court was not called upon to decide what, if any, restorative effect the Savings Statute might confer. Moreover, this Court lacks authority, *sua sponte,* to grant leave to file a new action in connection with a dismissal, since § 8117 grants an absolute right to the litigant to elect renewal. Giles v. Rodolico, Del.Supr., 1 Storey 143, 140 A.2d 263 (1958).

The dispositive issue is whether the plaintiffs' original complaint was an action "duly commenced" within the meaning of the Savings Statute thus affording plaintiffs the statute's restorative effect.

The Delaware Savings Statute has been the subject of precise comment by the Supreme Court of this State in Gosnell v. Whetsel, Del.Supr., 198 A.2d 924 (1964). The Court there indicated that the statute has a remedial purpose and should be liberally construed to the end that no cause of action fail other than on the merits of the controversy.

As was noted in the earlier decision of this Court the barrier to the maintenance of the original action in this Court was a lack of jurisdiction. There is an apparent split of authority on whether a cause of action which fails by reason of jurisdictional defect may be renewed by a Savings Statute. See cases collected at 6 ALR 3rd 1043.

A distinction is made between those cases dismissed for lack of subject matter jurisdiction and cases dismissed for lack of personal jurisdiction. The former catgeory has received the benefit of renewal statutes on the rationale that a plaintiff who proceeds in good faith but erroneously selects his forum due to jurisdictional intricacies should not be forever foreclosed from pursuing his cause of action, particularly where the defendant has appeared in response to process. Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594 (1915). Hotel Sherman, Inc. v. Murray, Sup.Ct.N.Y., 104 N.Y.S.2d 198 (1951).

Attempts to renew actions which fail because of defective personal service have met with differing results. In Gifford v. Spehr, 358 Mass. 658, 266 N.E.2d 657 (1971), a plaintiff was denied the benefit of the Massachusetts renewal statute, where he voluntarily dismissed his initial complaint beyond the two-year period of limitations because of inability to effect service under the Massachusetts non-resident motorist statute. The Massachusetts renewal statute is identical to § 8117. Holding that compliance with the notice elements of its non-resident motorist statute was not a "matter of form" the Court refused to consider the abortive first filing as a "commencement". To the same general accord is Osman v. Draskovich, D.C. Wis., 314 F.Supp. 1115 (1970). While *Gifford* is somewhat persuasive because of the similarity between the Massachusetts and Delaware renewal statutes, the Court there placed substantial reliance upon the defendant's lack of knowledge of the first

filing until shortly before the second action was filed, almost three years after the accident. This distinction I consider significant in the light of the ruling in *Giles*.

*Giles* also dealt with failure of the plaintiff to effect proper service within the initial period of limitations through the admitted inadvertence of counsel. Chief Justice Wolcott noted that even though the initial complaint was dismissed for failure to obtain jurisdiction, the action "abated" within the meaning of § 8117. In *Giles,* the Court viewed the matter within the context of harm or prejudice to the defendant or his insurance carrier who were not ignorant of the pendency of the claim or the ineffectual efforts at service. Again in *Giles,* the Court adopted the principle that § 8117 should be enlarged to embrace cases "which *equitably* ought to be covered" by it. This liberal approach also has been adopted by the Supreme Court of New Hampshire in Adams v. Sullivan, 110 N.H. 101, 261 A.2d 273 (1970).

There is little doubt that plaintiffs' original counsel in this case was in active contact with defendants' insurance adjustor prior to the filing of the initial complaint. Affording plaintiffs the benefit of affidavits filed by their original counsel, there is also evidence that defendants' adjustor knew of the filing of the original suit and the difficulty encountered in effecting service. Thus, under the *Giles* test of prejudice, the defendants have no basis to complain.

In summary, I conclude that since the original complaint filed by plaintiffs was dismissed for failure to obtain jurisdiction, the action abated within the meaning of § 8117 and could be renewed within the statutory period of extension. I further conclude that the negligence of counsel should not forever bar the plaintiffs' cause of action particularly in the absence of prejudice to defendants.

It is so ordered.