Julia LEAVY et al., Plaintiffs,

v.

John SAUNDERS, Defendant.

Superior Court of Delaware,
New Castle.

April 8, 1974.

Richard Allen Paul, Wilmington, for plaintiffs.

Morton Richard Kimmel, Wilmington, for defendant.

## OPINION ON MOTION OF DEFENDANT TO DISMISS

TAYLOR, Judge.

Plaintiffs were injured in a rear-end collision on Route I-95 north of Wilmington, Delaware on May 23, 1970. Plaintiffs sued defendant on February 24, 1972 in court in Pennsylvania, in the belief that the accident occurred in Pennsylvania and attempted to serve defendant under the Pennsylvania Long-Arm Statute, service thereunder being effected March 10, 1972. Defendant subsequently appeared in the Pennsylvania action and challenged the service on the ground that the accident occurred in Delaware and the parties agreed that the purported service of process in Pennsylvania would be dismissed. This action was filed December 14, 1972. ·

Defendant contends that the action is barred by the Delaware statute of limitations, 10 Del.C. § 8118, in that this action was not filed within two years after the accident. Plaintiffs do not contend that the action was brought within the time specified in 10 Del.C. § 8118, but contend that they are within the protection of 10 Del.C. § 8117, inasmuch as the action was timely filed in Pennsylvania, service was dismissed there because of failure of service of process under the Pennsylvania Long-Arm Statute, and this action was filed within one year thereafter. The pleadings do not recite the events in the Pennsylvania Court which preceded the bringing of this action. Facts are set forth in plaintiffs' brief to which is attached an affidavit that the facts set forth in the brief are true and correct to the best of his knowledge, information and belief. Defendant does not dispute these facts. Accordingly, the Court will give considera-

tion to them in disposing of this motion. See Superior Court Civil Rule 12(b), Del. C.Ann.

10 Del.C. § 8117 provides:

"If in any action duly commenced within the time limited therefor in this chapter, the writ fails or a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or if after a verdict for the plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which vitiates the proceedings; or if a judgment for the plaintiff is reversed on appeal or a writ of error; a new action may be commenced, for the same cause of action, at any time within 1 year after the abatement or other determination of the original action, or after the reversal of the judgment therein." [1]

Defendant contends that this provision is not applicable to this case because the original filing was in the court of another state, Pennsylvania.[2] In support of this contention, defendant cites Sorensen v. Overland Corporation, D. Del., 142 F.Supp. 354, 363 (1956) in which Chief Judge Leahy, as one of several grounds for dismissal, held that § 8117 was not intended to cover actions commenced beyond the boundaries of the State.[3] In reaching this conclusion, Judge Leahy pointed out that the issue had not been dealt with by any Delaware decision up to that time. He cited no legisla-

tive history and gave no analysis of the statutory language to support his conclusion. He cited a number of cases from other jurisdictions, some supporting and some opposing his position.

This Court, in Howmet Corporation v. City of Wilmington, Del.Super., 285 A.2d 423 (1971), held that a prior action timely filed in the Federal District Court for the District of Delaware which was dismissed by that Court for lack of jurisdiction before being filed in this Court was a proper basis under 10 Del.C. § 8117 to permit a subsequent action in this Court. In reaching this decision in Howmet, Judge Quillen referred to the stated assumptions of the Delaware Supreme Court in Frombach v. Gilbert Associates, Inc., Del.Supr., 236 A.2d 363 (1967) that commencement of suit in the Federal District Court fot the District of Delaware is the equivalent of commencement in this Court. Judge Quillen stated that this assumption accorded with the great weight of authority. Aside from these pronouncements, Delaware Courts have not dealt with the question of whether the prior action whose dismissal would invoke 10 Del.C. § 8117 must be one brought in this State. *Sorensen* did not give underlying reasoning for its holding.

■ 10 Del.C. § 8117 is remedial in nature and should be given a liberal construction. Giles v. Rodolico, Del.Supr., 1 Storey 143, 140 A.2d 263 (1958). The forerunner of the present statute was even construed to extend to cases which did not come within the language of the statute. Bishop v. Wilds Admr., Del.Super., 1 Har. 87 (1832). The object of the statute is to mitigate against the harshness of the de-

---

1. Statutes of this type have been referred to as "Journey's Account" Statute, Sorensen v. Overland Corporation, D.Del., 142 F.Supp. 354 (1956), or "Savings" Statute, Frombach v. Gilbert Associates, Inc., Del.Supr., 236 A.2d 363 (1967).

2. The parties have not addressed themselves to the question of whether the manner in which the Pennsylvania action has been disposed of has a bearing upon the applicability of § 8117. Therefore, this opinion proceeds

on the assumption that in that respect the requirements of § 8117 are satisfied.

3. By contrast, it is noted that in Wilt v. Smack, E.D.Pa., 147 F.Supp. 700 (1957), the District Court for the Eastern District of Pennsylvania held that by virtue of 10 Del.C. § 8117 an action could be brought in that Court after dismissal of a similar action timely brought in the Delaware District Court involving a Delaware automobile accident.

fense of statute of limitations where through no fault of his own a party finds his cause of action technically barred by lapse of time because a careless oversight of counsel would otherwise cause the party to be denied his day in Court. Giles v. Rodolico, supra, Gosnell v. Whetsel, Del. Supr., 198 A.2d 924 (1964).

The objectives of this kind of statute were described by Justice Cardozo in Gaines v. City of New York, N.Y.Ct.App., 215 N.Y. 533, 109 N.E. 594, 596 (1915), as follows:

"This statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts."

The language of § 8117 does not shed any light on whether it was intended to apply only where the first action was brought in this State. It does require that the action be "commenced within the time limited therefor in this chapter". This requires that the action be brought within the period specified in the Delaware statute of limitations applicable to the particular type of cause of action. The statute, thus, specifies the time for commencement of the first action, while it is silent as to place of commencement. Thus, the language of § 8117 does not show an intention to limit the section solely to successive actions brought in the courts of this State.

It may be that the origin of the statute was to overcome injustice arising from default or failure of the courts or court officials. If so, there might have been a desire only to deal with defaults or failures occurring within that jurisdiction. However, § 8117 has been construed to deal with defaults and failures that are not of court origin including failures by a plaintiff's attorney. See Giles v. Rodolico, supra. Hence, this serves as no present basis for limiting the application of § 8117 to successive actions in this State.

■■ Ordinarily statutes of limitations are concerned with causes of action or parties and they are applied without differentiating as to the court in which they are invoked. The real function of a statute of limitation is to protect prospective litigants against stale claims. Statute of limitations is a defense which is personal to the defendant and is waived unless asserted by him. Saunders v. Creswell Roll Forming Co., Del.Super., 7 Terry 329, 83 A.2d 697 (1951); Gibson v. Gillespie, Del.Super., 4 W.W.Harr. 125, 143 A. 544 (1927). It does not involve jurisdiction of the Court. Burton v. Waples, Del.Super., 3 Har. 75 (1840). Various matters growing out of the relationship of the parties (not involving courts) may determine the availability of the defense of statute of limitations. Hence, it is difficult to justify the conclusion that this exception to the statute of limitations should be applied on the basis of judicial jurisdiction or territory.

It is noted, also, that where borrowing statutes are in effect courts have held that a prior out-of-state suit qualifies under a statute such as § 8117. 55 A.L.R.2d 1040. By 10 Del.C. § 8120, Delaware has adopted a borrowing statute. § 8117 should be read in the light of any applicable borrowing statute. Frombach v. Gilbert Associates, Inc., supra. Pennsylvania also has a borrowing statute under which Pennsylvania looks to § 8117. Wilt v. Smack, supra. This appears to bring the matter within the annotation cited above. Abele v. A. L. Dougherty Overseas, Inc., N.D.Ind., 192 F.Supp. 955 (1961); Momand v. Universal Film Exchanges, 1 Cir., 172 F.2d 37 (1948); McCrary v. United States Fidelity & Guaranty Co., W.D.S.C., 110 F.Supp. 545 (1953); Turner v. Missouri-Kansas-Texas R. Co., 346 Mo. 28, 142 S.W.2d 455 (1940).

This action was brought because of the failure to obtain personal jurisdiction over

the defendant in the Pennsylvania action. The Delaware Supreme Court held in Giles v. Rodolico, supra, that failure to obtain personal jurisdiction over the defendant may be a proper ground to invoke § 8117 in a proper case. In *Giles,* the Court looked to see whether harm or prejudice to defendant or his insurance carrier resulted from the consecutive filings. Here, according to plaintiffs, their Pennsylvania attorney was in communication with defendant's insurance carrier and settlement negotiations were undertaken prior to the filing of the Pennsylvania action. After service was undertaken pursuant to the Pennsylvania Long-Arm Statute, plaintiffs submitted to physical examination at the request of defendant's insurance company and on November 12, 1972, nine months after suit was filed in Pennsylvania, defendant entered an appearance and caused a Rule to be issued requiring plaintiffs to file a complaint. This action was filed on December, 14, 1972. Defendant's insurance carrier was fully apprised of and active in the matter both before and after the filing of the Pennsylvania action. The equities required by *Giles* are present here. See also Purnell v. Dodman, Del.Super., 311 A.2d 877 (1973).

Defendant argues that Delaware requires a showing of diligence where a defendant is not served within the statutory period, citing Biby v. Smith, Del.Super., 272 A.2d 116 (1970), and Bokat v. Getty Oil, Del. Supr., 262 A.2d 246 (1970). Neither case involved the applicability of § 8117, each involving a single filing of a cause of action. In this case, plaintiff did take all action available to effect service in the Pennsylvania action. Moreover, it appears that defendant was made aware of the pendency of the Pennsylvania action even though valid service was not effected there. Compare Russell v. Olmedo, Del. Supr., 275 A.2d 249 (1971). In *Giles,* the Supreme Court recognized that a plaintiff's dealings with a defendant or his insurer and knowledge of the litigation are facts to be given weight in determining whether carelessness or neglect of counsel should prevent § 8117 being applied. Here, plaintiff's counsel apparently in good faith believed that the accident occurred in Pennsylvania and service could be effected under Pennsylvania law. As in most of the cases cited above, greater diligence on the part of counsel would have avoided the necessity of successive suits. Here, as in *Giles,* absence of harm to defendant should permit § 8117 to prevail.

The complaint does not allege that the dealings between plaintiffs and defendant's insurance adjuster should bar the running of the statute of limitations. Therefore, it is not necessary to discuss this subject in this opinion.

The Court concludes that by virtue of the operation of 10 Del.C. § 8117, this action is not barred by statute of limitations. Accordingly, defendant's motion to dismiss is denied.

It is so ordered.