**Juanita LILES and Stacey Liles,
Plaintiffs,**

**v.**

**Halina J. CYBAK and Stanislaus CYBAK,
Defendants.**

Superior Court of Delaware,
New Castle.

April 12, 1975.

Bruce L. Disend, Aerenson & Balick, Wilmington, for plaintiffs.

Richard W. Pell, Tybout, Redfearn & Schnee, Wilmington, for defendants.

## OPINION

O'HARA, Judge.

On February 3, 1971, a vehicle operated by plaintiff Juanita Liles was involved in an accident with a vehicle driven by Halina J. Cybak and owned by Stanislaus Cybak, Halina's father. As a result of injuries sustained by Juanita Liles, plaintiffs instituted suit against the defendants in this Court on February 2, 1973.

The Sheriff of New Castle County was instructed to serve "Halina J. Cybak and Stanislaus Cybak, her husband", at 48 Glover Circle, Westview, Wilmington, Delaware. Pursuant to those instructions, service was made upon "Halina J. Cybak and Stanislaus Cybak, her husband" on March 22, 1973, by leaving a copy of the summons with Mrs. Stanislaus Cybak at defendant Stanislaus Cybak's usual place of abode. Defendant Halina J. Cybak did not reside therein, but, in fact, resided at 49 Fairway Road in Newark, Delaware.

Defendant Stanislaus Cybak filed an answer to plaintiffs' complaint, on April 6, 1973, wherein he denied that Halina resided at 48 Glover Circle. Halina failed to file an answer to the complaint, but did file an affidavit of non-agency, on April 23, 1973.

In December, 1973, at a pretrial conference, plaintiffs, for the first time, became cognizant of the fact that Halina J. Cybak was in fact the daughter, not the wife, of Stanislaus. Accordingly, an amended complaint was filed by the plaintiffs, and service of process upon Halina was made on February 15, 1974 at her residence in Newark.

Defendant, Halina Cybak, has filed a motion to quash the plaintiffs' service of process and to dismiss the plaintiffs' cause of action. Halina contends that the suit is barred by the applicable two year statute of limitations. 10 Del.C. § 8119.[1]

The plaintiffs' failure to have issued an alias writ within six months of the return day of the preceding writ, which was invalid as to her, Halina argues, resulted in the expiration of the period of limitations. Civil Rule 4(a), Del.C.Ann., provides that "[n]o alias or pluries writ shall issue except within six months after the return day of the preceding writ". Failure to meet this deadline will result in a termination of the proceedings. Giles v. Rodolico, Del. Supr., 1 Storey 143, 140 A.2d 263 (1958). Insofar as plaintiffs' instructions to the Sheriff were erroneous and service was not made at the usual place of abode of Halina Cybak in March, 1973, jurisdiction over her person was not obtained at that time. Accordingly, upon failure to have issued an alias writ within six months of the return day, the resumption of the statute of limitations was occasioned and the suit fell into abeyance.

Plaintiffs contend, however, *inter alia,* that if jurisdiction over the defendant had not been obtained within the two year limitation period, 10 Del.C. § 8119, this suit is nevertheless governed by 10 Del.C. § 8118, the "Saving Statute". That statute provides in pertinent part:

"(a) If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient

1. Prior to the adoption of the Revised Delaware Code annotated 1974, the substance of 10 Del.C. § 8119 was found in 10 Del.C. § 8118 and the substance of 10 Del.C. § 8118 was found in 10 Del.C. § 8117. All references to these statutes in this opinion will be to the current annotation.

service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; . . . a new action may be commenced, for the same cause of action, at any time within one year after the abatement or other determination of the original action, or after the reversal of the judgment therein."

■ There is an abundance of case law interpreting the above quoted statute, and it is well settled that the Delaware Savings Statute is remedial in nature and accorded a liberal construction. Wilt v. Smack, E. D.Pa., 147 F.Supp. 700 (1957); Giles v. Rodolico, supra; Gosnell v. Whetsel, Del. Supr., 198 A.2d 924 (1964); Purnell v. Dodman, Del.Super., 311 A.2d 877 (1973); Leavy v. Saunders, Del.Super., 319 A.2d 44 (1974). See generally Annot. 6 A.L.R.3d 1043.

■ Thus, where an action cannot be maintained due to a reason which does not touch the merits of the controversy, the spirit, if not the letter, of the savings statute, will permit the institution of a second action notwithstanding the intervention of the period of limitations. See Howmet Corporation v. City of Wilmington, Del. Super., 285 A.2d 423 (1971); Wilt v. Smack, supra; Giles v. Rodolico, supra. Moreover, carelessness or oversight of counsel will not forever bar a party from maintaining his action in the absence of prejudice to the defendant. Purnell v. Dodman, supra; Giles v. Rodolico, supra. Of significant import, in determining whether defendant would be prejudiced by the second action, is whether defendant or his insurer had timely notice of plaintiffs' litigation or intent to litigate. See Viars v. Surbaugh, Del.Super., 335 A.2d 285 (1975) (President Judge Albert J. Stiftel); Giles v. Rodolico, supra.

■ The record discloses that Halina J. Cybak, on the day her mother was served with the original writ, or shortly thereafter, became cognizant of the fact that suit had been instituted against her. Thus, prejudice to the defendant will not result from the allowance of this second suit. The Court, therefore, concludes that, notwithstanding the carelessness of counsel in failing to issue an alias writ at the proper time, the circumstances here present are such as to make this case one "which equitably ought to be covered" by § 8118. Giles v. Rodolico, supra.

Defendant argues that plaintiffs' counsel failed to perfect service for an extensive period of time, approximately three hundred days, after he should have known of the invalidity of the original service. She contends that, unlike *Giles* where the alias summons was filed only 28 days late, the circumstances herein do not warrant a finding that this case is within the spirit of the saving statute. The Court disagrees. The extent of counsel's carelessness should not determine whether the statute will be invoked. Rather, in *Giles,* the Court's primary concern, in determining whether that situation "equitably ought to be covered" by § 8118, was the prejudice which might result to the defendant who is unaware of the intended litigation. See also Purnell v. Dodman, supra. Where no prejudice results, due to the defendant being given prompt notice of the intended litigation, the law favors a decision of a controversy upon the merits. See Gosnell v. Whetsel, supra.

For the reasons hereinabove discussed, the defendant's motion to quash the return of service and dismiss the plaintiffs' cause of action should be denied.

It is so ordered.