## GOUNIS v. CROCKETT, District Judge, et al.

No. 6943. Decided October 14, 1946. (173 P. 2d 650.)

See 50 C. J., Process, sec. 98; 42 Am. Jur., 49. Construction of "usual place of abode" in service of process statutes, note, 127 A. L. R. 1267.

*Louis H. Callister* and *E. R. Callister, Jr.,* both of Salt Lake City, for plaintiff.

*Stewart, Cannon & Hanson,* of Salt Lake City, for defendants.

WOLFE, Justice.

Mandamus to compel J. Allan Crockett, as Judge of the Third Judicial District Court, to take jurisdiction in a case entitled "Rita Billingsly Gounis v. Ray O'Brien and Boyd Byron Broadwater."

The original case arose as a result of an automobile accident in which it was alleged Broadwater was negligent and caused injury to the plaintiff. The stipulated facts show that Broadwater was inducted into the army on or about August 29, 1945, at which time he was eighteen years of age. Prior to that date and from March, 1945, he had resided with his grandmother, Isabel Nelson, in Tooele County, State of Utah. About ten days after his induction he was transferred outside the state of Utah and has not since been within the state except for a brief period between November 14 and November 25, 1945, while on a furlough. While on that furlough he stayed with his grandmother from November 14 to November 18, 1945, and from November 21 to November 25, 1945. His grandmother was at all times aware of Broadwater's whereabouts and had limited communication with him.

On December 8, 1945, a summons for Broadwater was left with his grandmother, Isabel Nelson, at her home in Tooele. The defendants in the original case moved to quash the service on the grounds that the Nelson home was not Broadwater's "usual place of abode" and that, therefore, no service was made on him. The motion to quash was granted by Judge Crockett.

This case was argued and submitted with *Booth* v. *Crockett*, 110 Utah 366, 173 P. 2d 647. The question involved in this case is substantially the same as that in the Booth case. The question is: Was the Nelson home on December 8, 1945, Boyd Broadwater's "usual place of abode" within the meaning of Section 104-5-11, U. C. A. 1943, the pertinent parts of which read as follows:

"Manner of Serving Summons. The summons must be served by delivering a copy thereof as follows:

\* \* \*

"(8) In all other cases, to the defendant personally, or by leaving such copy at his usual place of abode with some suitable person of at least the age of fourteen years."

There are minor factual differences between *Booth* v. *Crockett,* supra, and this case. In the Booth case the defendant on whom service was attempted to be obtained enlisted in the navy; the summons was left at his parents' home; he was in frequent communication with his parents and was actually informed of the suit; and before he entered the navy he had had no other home except that of his parents. In this case, Broadwater was inducted into the army; the summons was left at the home of his grandmother; he lived at that home six months before entering army service; he was infrequently in communication with his grandmother. He did not actually receive notice of the suit from his grandmother.

The factual differences between the two cases are not sufficient to justify different results. For the reasons given in our opinion in *Booth* v. *Crockett,* supra, we hold that Judge Crockett ruled correctly in granting the motion to quash service in the original case.

The alternative writ of mandamus is recalled and the action is dismissed. Costs to the defendants herein.

LARSON, C. J., and McDONOUGH, PRATT, and WADE, JJ., concur.