GLORIA A. ALLDER v. DONALD L. HUDSON.

(*June* 7, 1954.)

CAREY, J., sitting.

*Edmund N. Carpenter, II,* (of Richards, Layton and Finger) for plaintiff.

*John P. Sinclair* (of Berl, Potter and Anderson) for defendant.

Superior Court for New Castle County, No. 70, Civil Action, 1954.

CAREY, J.:

The present motion is based upon the claim that defendant has no "dwelling house or usual place of abode" in Delaware and that the service made in this case does not comply with the requirements of Delaware law.

Service of process is now controlled by Rule 4 of this Court, of which sub-paragraph (f) (1) (I), *Del. C. Ann.,* is substantially the same as Federal Rule 4(d) (I), 28 *U. S. C. A.* It reads as follows:

"(1) Summons. Service of summons shall be made as follows:

"(I) Upon an individual other than an infant or an incompetent person by delivering a copy of the summons, complaint and affidavit, if any, to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or by delivering copies thereof to an agent authorized by appointment or by law to receive service of process."

The return in the present case shows that service was made by leaving a true copy of the writ and complaint at defendant's usual place of abode with Peter Hudson, his father, an adult white person over the age of twenty-one years. It is charged that the residence and usual place of abode of the defendant at the time was Truax Field, Madison, Wisconsin, he being then in military service.

There is no reported Delaware case which touches upon the point here raised. The cases in other jurisdictions are in conflict. Some of them seem to go so far as to say that a person upon entering military service thereby changes his "usual place of abode" regardless of the circumstances. *Booth v. Crockett,* 110 *Utah* 366, 173 *P.* 2d 647; *Gounis v. Crockett,* 110 *Utah* 372, 173 *P.* 2d 650; *Kurilla v. Roth,* 132 *N. J.* 213, 38 *A.* 2d 862. In another New Jersey case, *Eckman v. Grear,* 14 *N. J. Misc.* 807, 187 *A.* 556, it was found in fact that the defendant, at the time of entering the service, severed all ties with his parents' home, had no intention of ever returning there to live, and apparently expected to make a lifetime career of his army service.

The reported Federal decisions, however, take a different view. They hold that the mere fact of entry into military service is not enough to show an intention of abandoning the former usual place of abode, it being presumed that he has the *animus revertendi* unless the contrary is shown. *McFadden v. Shore, D. C.,* 60 *F. Supp.* 8; *Rovinski v. Rowe,* 6 *Cir.,* 131 *F.* 2d 687. See also *Ruth & Clark v. Emery,* 233 *Iowa* 1234, 11 *N. W.* 2d 397.

Our civil rules were adapted from those of the Federal Courts and, in the application of them, we have fairly consistent-

ly followed the rulings of those Courts. It is my opinion that this should be done in the present instance. Where the facts are insufficient to justify a different conclusion, it will be presumed that the usual place of abode is not changed by entry into military service.

In this case, we have no affidavit executed by defendant himself. We have only the affidavit of his father which recites these facts: the defendant, at the age of twenty, enlisted in the Air Force on January 9, 1951 for a period of four years; prior to his enlistment he worked for the duPont Company for about three years after his graduation; after enlistment he was stationed in Texas, then in Ohio for a short time, and thereafter at Madison, Wisconsin; he was stationed at Madison at the time of the accident involved in this suit; he has visited his father and mother twice a year since going into service and it was on such a visit that this accident occurred; the father has no knowledge of what the defendant plans to do or where he plans to live at the conclusion of his enlistment next January. There is nothing in the record to show that the defendant is married or that he ever lived with any one save his father and mother prior to his enlistment. There is nothing to suggest that he intends to live at any other place when his period of service is ended next year. His present whereabouts are definitely known, and there is no reason to assume that he has not actually received knowledge of this suit. Under the showing made, I hold that the service was valid.