WALSH, Jr., ADMINISTRATOR *v.* CROUSE

[No. 9, September Term, 1963.]

*Decided October 7, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Harris James George,* with whom was *A. Owen Hennegan, Jr.,* on the brief, for appellant.

*Solomon L. Margolis,* with whom was *Stanley H. Kamerow* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellee, Crouse, was injured in an automobile accident. Alleging that the negligence of the uninsured driver of the car in which he had been a passenger had brought about his injuries, he duly filed notice of intention to make claim against the Unsatisfied Claim and Judgment Fund of the State of Maryland, and filed suit. Crouse was in the United States Army, stationed at Fort Meade. The Fund knew he did not own an automobile registered in Maryland and was not a resident of a reciprocal State, and believed he was not a resident of Maryland and, therefore, concluded he was not a person qualified to make claim under the act which established the Fund (Code (1957), and (1962 Supp.), Art. 66½, Secs. 150-179) and raised this defense by preliminary objection under Maryland Rule 323. Judge Duckett held "that the word 'resident' as used in the Statute does not mean that a claimant must be a permanent resident but merely an actual resident in the sense of having no other home," and dismissed the Fund's preliminary objection. The Fund appealed.

Four days before Judge Duckett made his ruling, this Court filed its opinion in *Maddy v. Jones,* 230 Md. 172, holding that the definition of a qualified person in Sec. 150 (g) of the act as a "resident of this State" means "one who possesses or has acquired a domiciliary status, in the legal sense, in this State, as distinguished from one who merely has a temporary abode in Maryland."

The agreed statement of facts on which the appeal was presented makes it clear, in our view, that Crouse was not a domiciliary of Maryland. He enlisted in the Army while a resident

of Florida where he lived with his mother and stepfather. After his initial training ended, he was sent to Germany where he served for seventeen months. He was then transferred to Fort Meade where he was stationed at the time of the accident. He was single and did not maintain a dwelling place off the post. After his discharge from the service in 1962, Crouse immediately left Maryland to go to Pittsburgh where his mother and stepfather had moved.

A domicile continues until a new domicile is acquired. *Hall v. Morris,* 213 Md. 396, 404. A person does not acquire a domicile of choice by any act done under legal or physical compulsion and, therefore, a soldier who must go and live in a place assigned to him ordinarily does not acquire a domicile in such place. *Restatement, Conflict of Laws,* Sec. 21; 17A Am. Jur. *Domicile,* Sec. 40.

The mere fact of entry into military service is not enough to show an intention to abandon a domicile and acquire a new one, it being presumed, unless the contrary be shown, that the existing domicile is retained. *Allder v. Hudson* (Super. Ct. Del.), 106 A. 2d 769, 770, and cases cited; cf. *Shenton v. Abbott,* 178 Md. 526, 530. See also *Teague v. District Court* (Utah), 289 P. 2d 331. The record is devoid of any evidence, direct or inferential, that Crouse intended to abandon his Florida domicile by entering the armed forces, and to acquire a Maryland domicile.

In *Royer v. Bd. of Elec. Sups.,* 231 Md. 561, we reiterated that those living on the Perry Point federal reservation are not residents of the State for the purpose of exercising the right of franchise. The case leaves no doubt that residents of federal enclaves within the boundaries of Maryland are not residents of the State unless the Legislature has said they shall be so considered for a specific purpose. Crouse was not a person qualified to claim against the Fund.

*Order reversed, with costs.*