## RUMBEL *v.* SCHUELER

[No. 430, September Term, 1963.]

*Decided July 15, 1964.*

The cause was argued before the entire Court.

*Joseph I. Pines,* with whom were *William F. McDonald* and *G. Denmead LeViness* on the brief, for the appellant.

*Edward C. Mackie,* with whom were *Rollins, Smalkin, Weston & Andrew* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

Helen Rumbel, the appellant, was awarded an $8,000 verdict by a jury against an uninsured motorist. The Unsatisfied Claim and Judgment Fund refused to pay the judgment on the ground that Mrs. Rumbel was not a qualified person under Code (1957), Art. 66½, Sec. 150 (g). Mrs. Rumbel sought to compel

payment relying solely on one of the tests under the statute—that she was a resident of Maryland at the time of the collision in Baltimore on April 14, 1962.

Judge Foster held that (1) to be a resident within the meaning of Code (1957), Art. 66½, Sec. 150 (g) one has to be a domiciliary in the usual accepted legal sense; (2) with certain exceptions, not here relevant or pertinent, the domicile of a married woman follows, or remains, that of her husband; (3) the domicile of Mr. Rumbel, a career soldier, had always, during the times here pertinent, been in Pennsylvania.

On the first point, *Maddy v. Jones,* 230 Md. 172, and *Walsh, Adm'r v. Crouse,* 232 Md. 386, established "resident" as used in the Unsatisfied Claim and Judgment Act as the synonym of domiciliary.

*Whiting v. Shipley,* 127 Md. 113, 117, and *Bennett v. Bennet,* 197 Md. 408, 412, held that the general rule is that, in the absence of a decree of separation or divorce (or possibly where the wife has been abandoned or forced by brutal treatment to leave the husband or in pending divorce cases), the legal domicile of a wife is that of her husband and he has the right to choose that domicile. The discussion in *Blair v. Blair,* 199 Md. 9, as to the right of a working wife who earns more than her husband to choose an independent domicile was not necessary to the decision or the holding in that case and, in any event, the holding there did not purport to overturn the established Maryland law and is not analogous on the facts to the present case.

The Rumbel family came to Maryland in 1959 from Camp Hill, Pennsylvania, when he was transferred to Fort Meade. They had lived for the previous five years in a house Mr. and Mrs. Rumbel owned in Camp Hill (both had been born in Pennsylvania and had lived there most of their lives, and it is conceded that their domicile, up to 1959, was in Pennsylvania). They rented a house in Glen Burnie and Mrs. Rumbel worked in the Baltimore area, transferred her union membership to a Maryland local, registered and voted in Maryland in 1961, and joined a local Catholic church, as did her husband. In 1961 Mr. Rumbel was sent overseas and in 1962 Mrs. Rumbel and the two children—one by then twenty—moved back to the Camp Hill house, which she referred to as "home." Mrs. Rumbel con-

tinued to work in Baltimore, living in a small apartment during the middle of the week and at Camp Hill from Friday to Monday.

Mrs. Rumbel had some basis for claiming to have established a Maryland domicile, had she been free in the eyes of the law to do so. Mr. Rumbel, however, did little, if anything, which evidenced an intention to change his domicile from Pennsylvania to Maryland (the wife's testimony was that he still considered Pennsylvania his home) and, of course, an established domicile continues until a new one is acquired, and a soldier who is officially assigned to a new post ordinarily does not acquire a domicile in the new place. *Walsh, Adm'r v. Crouse, supra.*

There was no real evidence that the usual rules should not apply to the domicile of Mr. Rumbel and, therefore, Judge Foster did not err in holding that Mrs. Rumbel's domicile was not in Maryland, and that she was not a qualified person under the statute.

*Order affirmed, with costs.*