**ROSEMARY E.R., Petitioner, Appellant,**

v.

**MICHAEL G.Q., Respondent, Appellee.**

Supreme Court of Delaware.

Submitted: Jan. 9, 1984.

Decided: Jan. 20, 1984.

---

John H. Benge, Jr., Allmond, Eastburn & Benge, Wilmington, for petitioner, appellant.

Michael G.Q., pro se.

Before HORSEY, MOORE, and CHRISTIE, JJ.

CHRISTIE, Justice:

The appellant appeals from a decision of the Superior Court which affirmed a decision of the Family Court denying the grandmother visitation rights as to her six year old grandson under the "grandparents' visitation statute".  10 *Del.C.* § 950(7).

The appellant is the maternal grandmother of the child.  She is eighty years old and confined to a wheelchair.  She lives in a suburban ranch house with a sister who is seventy-five years old.  She has a happy relationship with her other grandchildren and appears to be a suitable person to have visitation with her grandchildren unless special circumstances would dictate otherwise.

Everyone agrees that the child's mother did not properly perform her duties as a parent of the child in question.  It was the appellant who had called attention to the fact that her own daughter was neglecting the child.  The child's father obtained custody of the child in the fall of 1980, and the parents were finally divorced in March, 1981.  Thereafter, the child's mother died as a result of an automobile accident.  After having little or no contact with her grandson for a year and a half, the grandmother initiated proceedings to seek visitation in June, 1982.  She wants the child to maintain "continuity" with his past and his maternal relatives.

The child lives with his father and stepmother.  At the hearing in Family Court, the father opposed visitation by the grandmother and expressed concern that the grandmother could not properly supervise the child.  He also opposed the visitation because he expressed the belief that the child had adjusted well to the new family which had been formed as a result of his remarriage.

The parties are in agreement that the burden is upon the grandparent petitioner to establish by a preponderance of the evidence that visitation with such grandparent is in the best interests of the child, and it is clear that the criteria found in 13 *Del.C.* § 722 and § 727 (although drafted to apply to custody and to parental visitation matters) are helpful in determining the factors to be considered in determining the "best interests of the child" as that phrase may

be applied in connection with visitation by a grandparent.

In a letter opinion, the judge of the Family Court demonstrated that he had given careful consideration to various pertinent factors, and concluded that it was in the best interests of the child that he exercise his discretion against allowing visitation rights. The Superior Court carefully reexamined the record and found no error or abuse of discretion in the decision of the Family Court.

■ On further appeal to this Court, the grandmother contends that the Family Court (and Superior Court) erred by emphasizing the "constitutionally protected" rights of the father in respect to the child and by seeming to require that the grandmother show compelling circumstances which would justify preferring the grandmother over a father. We find no merit to this argument. The Family Court properly placed the burden on the grandmother. Variations in the verbalization of that burden do not constitute error, and it was not inappropriate for the Court to give weight to the surviving parent's views.

■ The grandmother contends that there is no competent evidence to support the decision of the Family Court. She points out that there was no expert testimony presented and that the father's fears about the proposed visitations could be viewed as a form of mere speculation. We find this contention to be without merit. Given this record, the trial judge did not abuse his discretion in the admission of evidence, and in the weight he gave it. The record taken as a whole contains substantial evidence to support the exercise of discretion against the proposed visitations.

■ Finally, it is contended that the denial of grandparent visitation and the refusal to allow "trial" visitation constituted abuses of discretion. In matters of visitation and custody the trial judge has a unique opportunity to observe the petitioners and those opposing the petition. A decision in a case of this type in favor of either viewpoint would have been a difficult one for any judge to make, but we find no abuse of discretion on the part of the trial judge.

The judgment of the Superior Court is affirmed.