**Rita A. KELLY\*, Petitioner,**

v.

**Nancy A. BROWN\* and James Kelly\*, Respondents.**

Family Court of Delaware, New Castle County.

Submitted: Feb. 19, 1987.
Decided: May 7, 1987.

Gary L. Smith, of James A. Gallo, Wilmington, for petitioner, Rita A. Kelly.

Joseph A. Hurley, Wilmington, for respondent, Nancy A. Brown.

James Kelly, New Britain, pro se.

KEIL, Judge.

Paternal grandmother has filed a Motion for Discovery in support of her petition for visitation under 10 *Del.C.* § 950. She

\* A fictitious name utilized to protect the anonymity of the parties.

seeks to compel psychological evaluations of the grandchild and his custodian, the child's natural mother. Grandmother avers generally that the child's physical and mental welfare is in controversy and that "good cause" exists to compel the evaluations because mother has custody and control of the child and without a court order, grandmother will be unable to present an essential element of her proof. With respect to compelling evaluation of mother, grandmother urges that the same considerations are relevant.

Mother has at all times resisted the child's visitation with grandmother believing it to be against the child's best interests. The child's interests are the subject of a separate hearing. The issue to be decided is whether grandmother has demonstrated that production of expert psychological evidence should be compelled. For the reasons that follows, the Court denies grandmother's motion.

■ Family Court Civil Rule 35 provides in pertinent part:

(a) Order for Examination. When the mental or physical condition (including the blood group) of a party, is in controversy, the Court may order the party to submit to a physical, mental or other examination by a physician, a psychologist, a geneticist or other professional in the examiner's field of expertise ... The order may be made only on motion for good cause shown and upon notice to the person to be examined ...

This rule is identical to Superior Court Civil Rule 35(a) and Federal Rule of Civil Procedure 35(a). It has been consistently held that in construing the Superior Court Civil Rules, the rulings of the federal courts are persuasive. *Allder v. Hudson*, Del.Super., 106 A.2d 769 (1954); *Canaday v. Superior Court*, Del.Supr., 119 A.2d 347 (1955). Reliance on federal precedent in construing Family Court Rule 35(a) is also justified by these decisions.

As held in *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S.Ct. 234, 242, 13 L.Ed.2d 152 (1964):

[T]he 'in controversy' and 'good cause' requirements [of Rule 35(a)] ... are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.

The movant's burden is to produce sufficient information, by whatever means, so that the Court may fulfill its function mandated by the Rule. *Id.* In *Schlagenhauf*, the Supreme Court ruled that the District Court erred in permitting mental and physical examinations when "[t]he only allegations in the pleadings relating to this subject were the general conclusory statement ... that 'Schlagenhauf was not mentally or physically capable of operating' the bus at the time of the accident .. and the limited allegation in ... [the] crossclaim that, at the time of the accident, 'the eyes and vision of ... Schlagenhauf was [sic] impaired and deficient.'" *Id.* at 120, 85 S.Ct. at 243. An affidavit attached to the motion for examinations provided:

That ... Schlagenhauf, in his deposition ... admitted that he saw red lights for 10 to 15 seconds prior to a collision with a semi-tractor trailer unit and yet drove his vehicle on without reducing speed and without altering the course thereof. The only eye-witness to this accident known to this affiant ... testified that immediately prior to the impact between the bus and truck that he had also been approaching the truck from the rear and that he had clearly seen the lights of the truck for a distance of three-quarters to one-half mile to the rear thereof. ... Schlagenhauf has admitted in his deposition ... that he was involved in a [prior] similar type rear end collision ...

*Id.* The Supreme Court explained:

This record cannot support even the corrected order which required one examination in each of the four specialties of

internal medicine, ophthalmology, neurology, and psychiatry. Nothing in the pleadings or affidavit would afford a basis for a belief that Schlagenhauf was suffering from a mental or neurological illness warranting wide-ranging psychiatric or neurological examination. Or is there anything stated justifying the broad internal medicine examination.

The only specific allegation made in support of the four examinations ordered was that the 'eyes and vision' of Schlagenhauf were impaired. *Considering this in conjunction with the affidavit, we would be hesitant to set aside a visual examination if it had been the only one ordered.*

*Id.* at 120–121, 85 S.Ct. at 243–244 (emphasis supplied). The Court noted that this was not a case in which an individual had placed his mental and physical status in issue through asserting a physical or mental injury in a negligence action.

Clearly, the "good cause" and "in controversy" requirements are designed to place at equipoise any individual's right to privacy with the need for the information. While a Court is justified in exercising considerable restraint in disposing of the requests, *See Stone v. Stone*, Utah Supr., 19 Utah 2d 378, 431 P.2d 802 (1967); *Neuman v. Neuman*, D.C.Ct.App., 377 A.2d 393 (1977), it should guard against the suppression of evidence regarding a matter about which only experts can give a credible statement.

In the case at bar, the grandmother has failed to demonstrate that her grandchild's and the respondent's mental states are "in controversy". The grandmother is correct that by virtue of the Delaware Supreme Court's decision in *Rosemary E.R. v. Michael G.Q.*, Del.Supr., 471 A.2d 995 (1984), the mental and physical health of all the individuals involved in a visitation dispute are relevant considera-

tions. Mere relevance however, does not satisfy the requirements of Rule 35(a). *Schlagenhauf, supra.* No facts are alleged by grandmother compelling such an intrusion. Grandmother has not claimed that Mother is unfit nor has she claimed that her grandchild is suffering from any emotional trauma or mental illness due to the lack of visitation. There is no need for expert testimony apparent from grandmother's motion. The District of Columbia Court of Appeals decision in *Neuman v. Neuman*, D.C.Ct.App., 377 A.2d 393 (1977), is particularly instructive. Therein, the Court of Appeals affirmed the trial court's decision declining to order a psychological evaluation of the father in a custody dispute. The Court of Appeals concluded:

Mrs. Neuman's attorney conceded that Mr. Neuman's mental condition was not in controversy when it was admitted that they were not contesting his fitness as a father. Moreover ... appellant's attorney failed to proffer any significant reason for the requested examination. Instead, appellant merely contended that such an examination would be helpful and desirable without stating the basis for these conclusions.

*Id.* at 399. The Court's reasoning is compelling. The fact of Respondent's opposition to visitation alone cannot warrant a psychological evaluation; it has no relevance to the issue to be decided.

For these reasons, grandmother's motion to compel psychological evaluations is denied.

IT IS SO ORDERED.