Phillip ROGERS,* Petitioner
Below, Appellant,

v.

Ruth TRENT and William Trent,
Respondents Below,
Appellees.

Supreme Court of Delaware.

Submitted: May 14, 1991.
Decided: June 12, 1991.

Sheryl Rush–Milstead, Wilmington, for appellant.

Ruth Trent and William Trent, pro se.

* Pseudonyms for all parties have been adopted to assure confidentiality pursuant to Supreme Court Rule 7(c).

Before HORSEY, WALSH, and
HOLLAND, JJ.

WALSH, Justice:

This appeal from a decision of the Family
Court presents the question of whether the
Family Court has the authority to grant
visitation rights to a non-parent. The peti-
tioner-appellant, Phillip Rogers ("Rogers"),
filed a petition in the Family Court seeking
custody of his minor son. The court grant-
ed his petition, but also granted visitation
rights to the respondents-appellees, Ruth
and William Trent (the "Trents"), the
child's great-aunt and uncle. Rogers con-
tends the Family Court erred as a matter
of law in granting visitation rights to the
Trents as non-parents. We find this claim
to be without merit.

## I

Rogers and his former wife, Debra Wil-
son ("Wilson"), were married in March,
1981. This union produced two children
Andrew, the subject of the current custody
dispute, and an older son, Phillip. Rogers
and Wilson were separated in 1986 and
divorced shortly thereafter.

Initially, both children resided with their
mother. Andrew, however, began to expe-
rience behavioral problems both at school
and at home and was sent to live with
Rogers. While residing with his father,
Andrew's behavioral problems continued.
After three months, he was returned to his
mother because Rogers was living with
relatives and was unable to provide An-
drew with an adequate home. Finally, An-
drew's mother placed him with the Trents,
her aunt and uncle.

The Trents were granted temporary cus-
tody by order of the Family Court and
raised Andrew as their own. While under
their care, Andrew received counseling and
tutorial assistance which helped him over-
come many of his behavioral problems. In
1990, Rogers filed a petition in the Family
Court seeking custody of Andrew. The
Family Court granted Rogers' petition for
custody after determining he could provide
an adequate home for Andrew. The court
also gave the Trents the right to visit with
Andrew one weekend each month.

## II

Rogers' sole contention on appeal is that
the statutory entitlement to visitation ap-
plies only to the legal parents of a minor
child; therefore, the Family Court erred in
granting visitation rights to the Trents.
We disagree.

■ In evaluating a petition for visita-
tion, a court must base its determination
upon the "best interest of the child." 13
*Del.C.* §§ 722 & 728; *See Rosemary E.R.
v. Michael G.Q.*, Del.Supr., 471 A.2d 995,
996 (1984). This Court has held that, "the
'best interest of the child' is ... the *ulti-
mate* test for visitation." *Elizabeth A.S.
v. Anthony M.S.*, Del.Supr., 435 A.2d 721,
725 (1981) (emphasis added). Thus, the
welfare of the child is the single most
important factor in determining visitation
rights and must not be subordinated to any
other interests.

■ Rogers argues that the statutory
provisions governing the determination of
custody and visitation are replete with ref-
erences to "parents," and that these refer-
ences act as a limitation on the Family
Court's power to grant visitation rights to
a non-parent. *See* 13 *Del.C.* §§ 727 & 728.
We believe, however, that the legislature
did not intend to so circumscribe the power
of the Family Court. As noted above, the
ultimate test for visitation is the "best in-
terest of the child." While sections 727
and 728 provide the basis for a parent's
entitlement to visitation, those sections do
not exhaust the authority of the Family
Court to grant non-parental visitation
based on what is best for the child. The
record supports the conclusion that An-
drew clearly benefitted from his relation-
ship with the Trents. As the Family Court
stated, "[the Trents] have helped tremen-
dously in alleviating some of the problems
[Andrew] had experienced and have been
successful in assuring his adjustment edu-
cationally as well as emotionally."

■ The Family Court is vested with
broad discretion to grant visitation in ac-

cordance with the "best interest of the child." The task is a difficult one, but the trial court has the "unique opportunity," and advantage of observing the parties and the witnesses. *Rosemary E.R. v. Michael G.Q.*, 471 A.2d at 997. In evaluating the evidence to determine how the welfare of the child will best be served, the court must be sensitive to the emotional trauma implicit in relocating a child of tender years from surroundings in which he or she has advanced and benefitted. While normally this will entail granting custody to one parent and visitation to the other, the Family Court may fashion an alternative visitation scheme involving third parties if it determines it is in the best interests of the child to do so. Such a determination may be particularly appropriate where, as here, the third parties have previously exercised custody under court order because of default or inability on the part of the parents.

In the present case, the Family Court concluded, as a matter of discretion, that it was in the best interest of Andrew to maintain contact with the Trents. Andrew clearly benefitted from the love and affection bestowed upon him by the Trents, and the court thought it appropriate to secure such contact through visitation rights when its prior order granting temporary custody of Andrew to the Trents was superseded by the order granting permanent custody of Andrew to Rogers. This Court will not disturb the Family Court's exercise of discretion absent a clear showing of abuse. Finding no such abuse, we AFFIRM the Family Court's decision to grant visitation rights to the Trents.