JEROME R. LAMBERT,[1] Respondent Below-Appellant,
v.
ANNE GREENE, Petitioner Below-Appellee.
No. 191, 2009.
Supreme Court of Delaware.
Submitted: November 20, 2009.
Decided: January 19, 2010.
Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

ORDER
Henry duPont Ridgely, Justice.
This 19th day of January 2010, upon consideration of appellant's opening brief, appellee's motion to affirm, and the record below, it appears to the Court that:
(1) The appellant, Jerome Lambert ("Father"), filed this appeal from an order of the Family Court, dated March 2, 2009, which awarded Mother, Anne Greene, sole custody of the parties' minor daughter and granted Father supervised visitation every six weeks. Mother has filed a motion to affirm the Family Court's judgment on the ground that it is manifest on the face of Father's opening brief that his appeal is without merit. We agree and affirm.
(2) In his opening brief, Father indicates that he is not appealing the award of sole custody to Mother. Accordingly, the sole issue before the Court is the Family Court's ruling with respect to Father's visitation. Father suggests that his criminal history should not be relevant to his visitation with his daughter because he has never hurt his daughter or any child and because his acts of domestic violence against Mother occurred before his daughter was born. Father asserts that the Family Court judge placed undue weight on his criminal history and that the visitation order, which only allows him to see his daughter once every six weeks, unfairly punishes him for past criminal conduct.
(3) On appeal, this Court will not disturb a Family Court's visitation order absent a clear showing of abuse of discretion.[2] In this case, the Family Court record reflects documented instances of violence by Father, and Father himself admits to having impulse control and anger management issues. The Family Court, however, did not limit its decision-making to Father's criminal history in considering the best interest of his daughter.[3] The Family Court considered all of the best interest factors, noting each relevant factor that weighed in Mother's favor. The Family Court noted the tender age of the child, who is not yet two-years-old and the fact that Mother has been solely responsible for her care. The Family Court also noted a record of Father's mental illness and his history of criminal behavior arising from his apparent abuse of alcohol and his failure to take his required medications. Under the circumstances, this Court finds no abuse of discretion in the Family Court's visitation order, which left open the door for Father to seek increased visitation rights in the future once he establishes a pattern of good behavior.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] The Court assigned pseudoyms to the parties pursuant to Supreme Court Rule 7(d).
[2] Rogers v. Trent, 594 A.2d 32, 33-34 (Del. 1991).
[3] See 13 Del. C. § 722(a), which provides that in determining the best interests of the child in custody and visitation matters, the Family Court should consider: (i) the wishes of the parents; (ii) the wishes of the child; (iii) the interrelationship of the child with parents, siblings, grandparents, and other residents of the household; (iv) the child's adjustment to her home, school, and community; (v) the mental and physical health of all involved; (vi) past and present compliance by both parents with their responsibilities under 13 Del. C. § 701; (vii) evidence of domestic violence; and (viii) the parties' respective criminal histories.