Robert G. BLAIR, Plaintiff Below, Appellant,

v.

Raymond ANDERSON, Warden, et al., Defendants Below, Appellees.

Supreme Court of Delaware.

Argued May 13, 1974.

Decided July 31, 1974.

William J. Alsentzer, Jr., of Bayard, Brill & Handelman, Wilmington, for plaintiff below, appellant.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for defendants below, appellees.

Before HERRMANN, Chief Justice, DUFFY, Associate Justice, and QUILLEN, Chancellor.

DUFFY, Justice:

This appeal submits for decision a sovereign immunity defense by the State of Delaware to a claim arising out of incarceration in a Delaware Correctional institution.

I

Plaintiff, formerly a Federal prisoner, alleges that while incarcerated in the New Castle County Correctional Institution he was attacked by a fellow prisoner and that defendants, including the State, were negligent in permitting such assault. The Superior Court granted the State's motion to dismiss the action on the ground that it is barred by the doctrine of sovereign immunity whether the claim be regarded as based on contract or in tort. 314 A.2d 919 (1973). Our analysis of the legal issues in the case persuades us that the Court's conclusion was correct as to tort but not as to the contract claim.

II

By statute, 11 Del.C. § 6505(a)(13), the Department of Correction is authorized:

"To agree with the proper authorities of the United States for payment to the General Fund of the State of such sums as shall be fixed by the Department for the maintenance and support of offenders committed to the Department by authority of the United States."

Under that statute the Department, on December 8, 1968, entered into a contract with the United States Department of Jus-

tice (Bureau of Prisons); [1] the service to be performed by the State is described therein as "[s]afekeeping, care and subsistence of persons held under authority of any United States statute . . ." and among the rules and regulations governing custody and treatment of such persons is this:

"1. Responsibility for Prisoners' Custody

It is the responsibility of the sheriff, jailer, or other official responsible for the administration of the institution to keep the prisoners in safe custody· and to maintain proper discipline and control."

The State argues that it may not be sued by plaintiff because the doctrine of sovereign immunity permits such suit only after waiver by a legislative act and the General Assembly has not passed such an act.

### III

■ The Delaware Constitution provides that "[s]uits may be brought against the State, according to such regulations as shall be made by law", Art. 1, § 9, Del.C. Ann., and the judicial history of the provision makes it plain that the defense of sovereign immunity may be "waived by legislative act and only by legislative act". George & Lynch, Inc. v. State, Del.Supr., 197 A.2d 734 (1964); Shellhorn & Hill, Inc. v. State, Del.Supr., 187 A.2d 71 (1962). It is clear, however, that waiver need not be made in express statutory language. Specifically, when the General Assembly authorizes a contract to be made it implicitly and necessarily waives immunity to suit for breach by the State of that contract. George & Lynch, Inc. v. State, supra. While the justice of that proposition stands on its own merit, we do note also that there is a tendency (recognized by the Court below) to narrow the doctrine of

sovereign immunity. Cf. Wilmington Housing Authority v. Williamson, Del. Supr., 228 A.2d 782 (1967); Holden v. Bundek, Del.Super., 317 A.2d 29 (1972).

### IV

■ First, as to plaintiff's claim in tort, a suit by a Federal prisoner for injury caused by a fellow prisoner is apparently within the scope of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680; United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). But we find no basis, in statutory waiver or otherwise, for departing from the well established Delaware law as to immunity. Therefore, so much of the decision below as accords that defense to the State against a tort claim by plaintiff will be affirmed. Shellhorn & Hill, Inc. v. State, supra.

### V

Considering now plaintiff's second theory, it is clear that to the extent of the contract. with the United States the State has waived sovereign immunity in a suit for its own breach of that contract. Beyond doubt that is true as to any claim by the United States (which is the other contracting party), but we are concerned here, not with a suit by the Federal Government, but by a claimant who was committed to the State facility by authority of the United States (pursuant to the contract).

■ Upon examining the agreement the Superior Court concluded that plaintiff was a donee or incidental beneficiary thereof without standing to sue. In our view, he is a creditor beneficiary.

■ It is established Delaware law that a third party beneficiary of a contract may sue on it. Astle v. Wenke, Del.Supr., 297 A.2d 45 (1972).[2] Generally, the rights

---

1. The Bureau of Prisons is required to provide, *inter alia*, for the "[s]afekeeping, care, and subsistence" of a prisoner and for his "protection". 18 U.S.C. § 4042.

2. See also Royal Indemnity Co. v. Alexander Industries, Inc., Del.Supr., 211 A.2d 919

(1965); Wilmington Housing Authority v. Fidelity & Deposit Co., Del.Supr., 4 Terry 381, 47 A.2d 524 (1946); Bryant, Griffith & Brunson v. General Newspapers, Del. Super., 6 W.W.Harr. 468, 178 A. 645 (1935).

of third-party beneficiaries are those specified in the contract; but if performance of the promise will satisfy a legal obligation which a promisee owes a beneficiary, the latter is a creditor beneficiary with standing to sue. Restatement of Contracts § 133(1)(b). Compare Astle v. Wenke, supra.

Here, the United States obviously owed a duty of care and subsistence to a person it caused to be committed and it owed him a statutory duty of "safekeeping" and "protection". 18 U.S.C. § 4042. By the contract Delaware agreed to perform that duty. And the terms of the agreement show that the duty amounts to more than the "room and board" minimum which the State argued; the duty included "safekeeping" and care as well.

While there may be semantic concerns about calling a prisoner a "creditor" or "beneficiary" (or both) of a Federal-State incarceration contract, the point is that plaintiff was the very subject of the agreement between governments. He was the person (for present purposes) whom the State contracted to safekeep, to care for and to provide with subsistence. Under these circumstances he has not only a direct interest in the contract but a right to enforce it as against the State if it fails to provide the requisite minimums.

■ In sum, we hold that the State, by entering into the contract with the United States, waived any defense available to it based upon the principle of sovereign immunity and that plaintiff is in law a creditor beneficiary of the agreement. It should be emphasized that we make no judgment as to any alleged breach of contract by the State nor as to any measure of damages to be applied. We decide only that the State may not avail itself to a defense of sovereign immunity to defeat plaintiff's contract claim.

\* \* \* \* \* \*

In conclusion we note that under the present state of the law a basic unfairness may result which the judiciary cannot correct. We hold here that plaintiff may sue the State and such a right may be denied by virtue of the sovereign immunity doctrine to State prisoners held in the same institution. But a different result would mean that plaintiff would be without a remedy which is available under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), etc., to other prisoners in a Federal prison. We can only suggest that the General Assembly and responsible officers in the Executive Branch consider the problem.

Reversed as to the contract claim.