Larry D. MARVEL, Plaintiff,

v.

PRISON INDUSTRIES a/k/a State of Delaware Department of Correction, Defendant.

C.A. No. 05C–03–013 WLW.

Superior Court of Delaware, Kent County.

Submitted: June 3, 2005.
Decided: Aug. 23, 2005.

David A. Felice of Cozen O'Connor, Wilmington, DE, for the Plaintiff.

Ophelia M. Waters, State of Delaware, Department of Justice, Wilmington, DE, for the Defendant.

ORDER & OPINION

WITHAM, R.J.

Upon consideration of Defendant's motion to dismiss and the record before this Court, it appears to the Court that:

Larry D. Marvel ("Plaintiff") has filed a complaint against Prison Industries, a/k/a State of Delaware Department of Correction ("Defendant"), seeking monetary damages for injuries sustained while working as an inmate employee. Plaintiff alleges Defendant willfully and recklessly compelled him to work at an auto body shop under conditions that presented a substantial risk of serious injury and resulted in his sufferance of many injuries and illnesses, including reactive airways disease, vasomotor rhinitis and blurred vision.

Litigation originally commenced in the United States District Court for the District of Delaware in 1999. On or about March 15, 2004, certain claims were dismissed from District Court after Plaintiff conceded that subject matter jurisdiction was lacking over those claims. Pursuant to 10 *Del. C.* § 8118, Plaintiff filed suit in this Court on March 9, 2005 asserting the dismissed claims. Defendant has filed a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(1) and (6) contending that this action is barred by both the doctrine of sovereign immunity and the statute of limitations. For the reasons set forth below, Defendant's motion to dismiss must be *denied* at this time.

### Statute of Limitations

Defendant contends that this action must be dismissed because the original lawsuit was not commenced in District Court within the applicable two-year statute of limitations. Specifically, Defendant argues the alleged injury occurred on February 14, 1997 yet the complaint was not filed in District Court until March 2, 1999.

Even *assuming arguendo* that the original complaint was filed in a timely manner, Defendant contends that the savings statute is unavailable to Plaintiff because the federal action remains pending and there was no interference with the first suit necessitating the filing of a second suit.

 There can be no dispute that the two-year statute of limitations expired well before any action commenced in this Court.[1] The issue before this Court is whether the savings statute empowers this action to proceed by shielding it from the statute of limitations' defense. 10 *Del. C.* § 8118 provides, in pertinent part:

(a) If in any action duly commenced within the time limited therefor in this chapter, ... the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; ... a new action may be commenced, for the same cause of action, at anytime within one year after the abatement or other determination of the original action, or after the reversal of the judgment therein.[2]

This statute was intended to alleviate the harsh consequences of the statute of limitations when an action, through no fault of the plaintiff, is technically barred by the statute of limitations.[3] It serves a remedial purpose and should be liberally construed.[4] Subject to its requirements, the savings statute grants parties an absolute right to file a new action.[5]

 Defendant presented an identical statute of limitations' defense in District Court which concluded the complaint was constructively filed prior to the expiration of the statute of limitations.[6] Under the

---

1. *See* 10 *Del. C.* § 8119.

2. 10 *Del. C.* § 8118.

3. *Giles v. Rodolico*, 140 A.2d 263 (Del.1958).

4. *Gosnell v. Whetsel*, 198 A.2d 924 (Del.1964).

5. *Giles*, 140 A.2d at 267.

6. *Marvel v. Prison Industries, Inc.*, 2000 WL 1239962, at *3 (D.Del.).

doctrine of constructive filing, a complaint submitted along with an application to proceed *in forma pauperis* is deemed to have been filed the date on which the clerk received the complaint.[7] Therefore, although the complaint was not technically filed until Plaintiff's request to proceed *in forma pauperis* was granted by the District Court on March 2, 1999, the complaint was constructively filed twenty days earlier on February 12, 1999 when Plaintiff submitted his application and complaint.[8] This Court agrees that the complaint was constructively filed on February 12, 1999 and therefore filed in District Court within the applicable statute of limitations.[9]

■ The remaining issue is whether the saving statute may be implemented to salvage an action that has been dismissed from federal court based upon jurisdictional defects. An identical issue arose in *Howmet Corporation v. City of Wilmington*.[10] In that case, the Court considered the remedial purpose of the statute and, quoting Judge Cardozo, stated:

> The (saving) statute is designed to insure to the diligent suitor the right to hearing in court till he reaches a judgment on the merits.... The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law.... A suitor who invokes in good faith the aid of the court of justice, and who initiates a proceeding

by service of process, must be held to have commenced an action within the meaning of this statute, though he has mistaken his forum.[11]

The Court held that a party's error in bringing an action in a court lacking jurisdiction did not prevent the action from being "duly commenced" within the meaning of the savings statute.[12] This Court agrees an action timely commenced in District Court but subsequently dismissed on jurisdictional grounds is afforded the protections provided by the savings statute. On March 9, 2005, Plaintiff filed a complaint in this Court asserting the claims that were dismissed from District Court on or about March 15, 2004. Because this action was commenced within one year of the dismissal, the savings statute applies and shields this action from the statute of limitations' defense. Accordingly, Defendant's motion to dismiss based upon the statute of limitations is hereby *denied.*

### Doctrine of Sovereign Immunity

Defendant contends the doctrine of sovereign immunity precludes the State from being sued without its consent. While Defendant acknowledges that the General Assembly has waived the defense of sovereign immunity to risks specifically addressed by the State Insurance Coverage Program, Defendant contends that Plaintiff has failed to aver the existence of any insurance coverage for the alleged injury. Defendant has also submitted an affidavit of Debra Lawhead, the Insurance Coverage Administrator of the State of Delaware, which states that the State does not carry any insurance to cover this particu-

---

7. *Id.* (citing *McDowell v. Delaware State Police,* 88 F.3d 188 (3d. Cir.1996)).

8. *Id.* at \*3.

9. *Id.*

10. 285 A.2d 423 (Del.Super.Ct.1971).

11. *Id.* at 425–426 (quoting *Gaines v. City of New York,* 215 N.Y. 533, 109 N.E. 594, 596 (1915)).

12. *Id.* at 426.

lar risk. Because no insurance exists and the defense of sovereign immunity has not been waived, Defendant contends that the complaint must be dismissed pursuant to Superior Court Civil Rule 12(b)(6).

Plaintiff contends several grounds exist precluding Defendant from asserting the defense of sovereign immunity. Plaintiff argues that: (1) the prohibition against cruel and unusual punishment in Article 1, Section 11 of the Delaware Constitution is a "self-executing waiver of immunity", (2) the General Assembly waived sovereign immunity by granting Defendant the capacity to contract, (3) a Delaware Superior Court has previously held that the State has waived its sovereign immunity with regard to inmates laboring under the Prison Industries Program, (4) the program under which Defendant was employed provides a fund for compensation of inmates injured while laboring under its sponsorship, and (5) Defendant has failed to demonstrate the requisite diligence and good faith efforts to establish an insurance program sufficient to warrant a grant of sovereign immunity under the auspices of 18 *Del. C.* § 6501. Based upon any of the aforementioned reasons, Plaintiff contends that Defendant cannot invoke the *doctrine* of sovereign immunity to shield itself from liability.

■■■ The doctrine of sovereign immunity precludes the State and its agencies from being sued without its consent.[13] However, sovereign immunity may be waived by an act of the General Assembly that clearly evidences its intention to do

so.[14] For example, through the enactment of 18 *Del. C.* § 6511, the General Assembly has waived sovereign immunity to the extent that insurance coverage exists by statute under the State Insurance Program. Beyond sovereign immunity, actions against the State are further curtailed by the State Tort Claims Act.[15] Thus, maintaining an action in tort against the State requires a party to demonstrate that the action is not precluded by the State Tort Claims Act or the doctrine of sovereign immunity.[16]

■■■ Based upon the alleged facts of this case, this Court is unpersuaded that the defense of sovereign immunity is automatically waived. Nor has there been any evidence presented to this Court indicating that the General Assembly has decided to waive sovereign immunity. It is uncontested that Defendant has been granted the capacity to contract by the General Assembly.[17] However, this complaint does not allege a claim for breach of contract but rather a claim in tort. While the defense of sovereign immunity has been waived for breach of contract claims, it remains a viable defense against tort claims.[18]

This Court is also unpersuaded that the decision in *Barnard v. State* represents a blanket waiver of sovereign immunity for all inmate employee claims.[19] The plaintiff in *Barnard* was an inmate employee who was denied benefits under the Worker's Compensation Act after severing his finger while performing carpentry work at a

13. *Pauley v. Reinoehl*, 848 A.2d 569, 573 (Del. 2004).

14. *Id.*

15. *Id.*

16. *Id.*

17. *Blair v. Anderson*, 325 A.2d 94, 96 (Del. 1974) (holding "when the General Assembly authorizes a contract to be made it implicitly and necessarily waives immunity to suit for breach by the State of that contract.").

18. *See Id.*

19. 642 A.2d 808 (Del.Super.Ct.1992).

courthouse.[20] On appeal, the State surmised that it might be immune from liability based upon the doctrine of sovereign immunity.[21] The Court disagreed and concluded that the State waived any defense of sovereign immunity when it elected to insure the non-inmate employees as well as the other state employees for work-related injuries.[22] Pivotal to the Court's decision was the stipulation between the parties that the State was self-insured for the payment of Worker's Compensation claims.[23]

■■■ Whereas the plaintiff in *Barnard* was attempting to recover worker's compensation benefits for injuries sustained, this is an action in tort. The Court in *Barnard* distinctly noted the difference between worker's compensation claims and tort claims:

> Worker's compensation law is grounded in a public policy strongly in favor of employers making restitution to employees who are injured while working. Unlike tort claims acts, the point of workmen's compensation is to protect workers, not to shield employers.[24]

This Court does not believe that *Barnard* should be interpreted as a blanket waiver of sovereign immunity for all claims involving inmate employees. Accordingly, this Court will decline to extend the holding in *Barnard* to claims based upon tortious conduct absent insurance coverage. This Court is also unpersuaded the existence of the Special Service Fund creates a presumptive waiver of sovereign immunity. Sovereign immunity will be deemed waived only by a legislative act that clearly evidences an intention to waive such immunity. The Special Service Fund upon which Plaintiff relies was not created to cover the injury Plaintiff alleges and is therefore not indicative of the General Assembly's intent to waive sovereign immunity.[25]

■■■ Plaintiff, relying upon the decision in *Pajewski v. Perry*,[26] also contends that the defense of sovereign immunity is unavailable because Defendant cannot establish that the State Insurance Coverage Office exercised diligence and good faith in attempting to retain insurance for the risks present at the auto-body shop. However, in *Doe v. Cates*,[27] the Supreme Court of Delaware noted:

> Apparently, the *Pajewski* case has been interpreted as requiring the trial courts to conduct a new inquiry into the Committee's efforts to meet its responsibilities under 18 *Del. C.* ch. 65 each time the State asserts the defense of sovereign immunity. In view of our holding today, such inquiry is no longer necessary.[28]

Without more, the mere accusation that the State Insurance Coverage Office failed to exercise diligence and good faith will not prevent a dismissal. More important, the burden is not upon the State to demonstrate that good faith exists but upon the party instituting legal proceedings against the State to show that good faith is lacking.

■■■ The final contention raised by Plaintiff is that a dismissal is inappropriate because he has not been afforded a reason-

20. *Id.* at 811.

21. *Id.* at 819.

22. *Id.*

23. *Id.*

24. *Id.* at 819–820.

25. 11 *Del. C.* § 6534B.

26. 363 A.2d 429 (Del.1976).

27. 499 A.2d 1175 (Del.1985).

28. *Id.* at 1179 n. 4.

able opportunity to discover whether any insurance coverage exists. This Court agrees and will deny the motion to dismiss solely on this basis. The law is well-established that the existence of an insurance policy covering Plaintiff's claim could constitute a waiver of sovereign immunity. Pursuant to the Freedom of Information Act, Plaintiff has attempted to determine whether any insurance coverage exists but his request for such information has been denied pursuant to the public record exemption for pending and potential litigation.[29] Plaintiff has been informed that the records sought, to the extent they exist, would be subject to the formal rules of discovery. Plaintiff should be afforded a reasonable opportunity for discovery to determine whether any insurance coverage exists.[30] Accordingly, Defendant's motion to dismiss is hereby *denied* at this time.

IT IS SO ORDERED.

---

**29.** 29 *Del. C.* § 10002(g)(9)

**30.** *See Doe,* 499 A.2d at 1183.