# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JUDY BOWMAN,            :

                         :

       PLAINTIFF,       :      C.A. No. K17C-06-033 NEP

                         :      In and For Kent County

v.                       :

                         :

                         :

STATE OF DELAWARE,       :

DELAWARE DEPARTMENT OF     :

NATURAL RESOURCES ("DNREC")   :

AND ENVIRONMENTAL CONTROL   :

DIVISION OF PARKS AND         :

RECREATION, AND             :

KILLENS POND WATER PARK,     :

                         :

       DEFENDANT.      :

                         :

Submitted: February 16, 2018
Decided: April 5, 2018

## ORDER

Before the Court are Defendants State of Delaware Department of Natural Resources and Environmental Control Division of Parks and Recreation's (hereinafter "DNREC") and Killens Pond Water Park's (hereinafter "Killens Pond," individually, and "Defendants," collectively) motion to dismiss, and Plaintiff Judy Bowman's (hereinafter "Ms. Bowman") response. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

The facts recited are those as alleged in Plaintiffs' complaint.[1] On July 3, 2015, Ms. Bowman was a business invitee at Killens Pond, which is a water park

---

[1] *Savor Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002) (on a motion to dismiss "all well-pleaded factual allegations are accepted as true").

owned and operated by DNREC. Ms. Bowman was in the pool area when she inadvertently stepped off an unmarked pool ledge, causing her to fall and strike her leg on the ground. As a result of the incident, Ms. Bowman suffered bodily injuries. In her complaint, Ms. Bowman alleges that Defendants were negligent in permitting the treacherous condition to exist, failing to implement some kind of safety measure such as a barricade, and failing to mark the area with a safety warning.

Defendants bring this motion to dismiss, claiming that Defendants are state agencies established by 29 *Del. C.* § 8001, and protected by sovereign immunity as set forth in Article 1, Section 9, of the Delaware Constitution. Defendants argue that there is no exception to sovereign immunity in this case, because the State has not waived the defense of sovereign immunity through the Insurance Coverage Act. Defendants proffer an affidavit from a State of Delaware Insurance Coverage Officer confirming that the State has not purchased any commercial insurance, and that the State does not have a self-insurance program for cases of this nature. Further, the Defendants claim that they are protected by "good faith" immunity provided by the State Tort Claims Act. Finally, Defendants argue that dismissal is independently warranted due to deficient service of process.

Ms. Bowman concedes that Defendants are state agencies, and protected by sovereign immunity unless a waiver or exception applies. To that end, Ms. Bowman argues that sovereign immunity has been waived because discovery is inconclusive on whether Defendants had insured against the type of incident that occurred, and also because the State Tort Claims Act is inapplicable, pursuant to 10 *Del. C.* § 4012, when a governmental entity is negligent "in the construction, operation, or maintenance of any public building or the appurtenances thereto, except as to historic sites or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation." Regarding

2

service of process, Ms. Bowman argues that service made upon an administrative assistant at Secretary Shawn Garvin's office is sufficient to constitute adequate service.

As an initial matter, Defendants have filed a Rule 12(b) motion to dismiss, but have also submitted evidence for the Court's consideration that goes beyond the pleadings. The Court has discretion to exclude this evidence or to convert the motion to a motion for summary judgment.[2] Here, the Court elects to consider the motion under Rule 12(b) and to exclude the affidavit submitted by the State Insurance Coverage Officer.

On a motion to dismiss, the moving party bears the burden of demonstrating that "there are no material issues of fact and that he is entitled to judgment as a matter of law."[3] Upon this Court's review of a motion to dismiss, "(i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[4]

This Court's inquiry is two-fold: (1) whether there was a statutory waiver of sovereign immunity; and (2) whether the claim is barred by the State Tort Claims Act.

Neither the State of Delaware, nor any of its agencies, may be sued without their consent or express statutory waiver by the General Assembly.[5] Pertinent to this

---

[2] *Furman v. Delaware Dep't of Transp.*, 30 A.3d 771, 774 (Del. 2011).
[3] *Daisy Constr. Co. v. W.B. Venables & Sons, Inc.*, 2000 WL 145818, at *1 (Del. Super. Jan. 14, 2000).
[4] *Savor Inc.* at 896–97.
[5] *Pauley v. Reinoehl*, 848 A.2d 569, 573 (Del. 2004).

case, the General Assembly enacted 18 *Del. C.* § 6511, which prohibits the State from asserting the defense of sovereign immunity in any matter concerning a "risk or loss covered by the state insurance coverage program, whether same be covered by commercially procured insurance or by self-insurance."

Here, Defendants argue that they have no insurance, and therefore, that dismissal is warranted. However, at this stage, the existence of coverage remains an open question. As yet, Ms. Bowman has not been afforded a reasonable opportunity for discovery to determine whether any insurance coverage exists. Therefore, dismissal on this basis is inappropriate.[6]

Nonetheless, in addition to the bar of sovereign immunity, the State and its agencies are protected by the State Tort Claims Act, which prevents a plaintiff from recovering where:

> (1) The act or omission complained of arose out of and in connection with the performance of an official duty requiring a determination of policy, the interpretation or enforcement of statutes, rules or regulations, the granting or withholding of publicly created or regulated entitlement or privilege or any other official duty involving the exercise of discretion on the part of the public officer, employee or member, or anyone over whom the public officer, employee or member shall have supervisory authority;
> (2) The act or omission complained of was done in good faith and in the belief that the public interest would best be served thereby; and
> (3) The act or omission complained of was done without gross or wanton negligence.[7]

While plaintiffs are generally not required to anticipate affirmative defenses in their pleadings, in the context of the Tort Claims Act, a plaintiff bears the burden of

---

[6] *Marvel v. Prison Indus.*, 884 A.2d 1065, 1071–72 (Del. Super. 2005).
[7] 10 *Del. C.* § 4001.

"alleging circumstances that would negate the existence of one or more of these . . . elements of immunity."[8]

Here, Ms. Bowman's argument that the State Tort Claims Act is inapplicable due to a provision of the County and Municipal Tort Claims Act, 10 *Del. C.* § 4012, is without merit: section 4012 is inapplicable in this case, as it concerns county and municipal tort claims, not claims against the State of Delaware's agencies, as is the case here.[9] Further, it appears Ms. Bowman has not complied with the requirements of the Tort Claims Act, as she has failed to allege that Defendants' actions were ministerial, that they were done in bad faith, or that they were grossly negligent. The complaint is silent on these issues, lacking even an allegation, much less any underlying facts. The Court concludes that Ms. Bowman has failed to plead facts necessary to overcome sovereign immunity under the State Tort Claims Act, and dismissal is, therefore, appropriate.[10] Having so found, the Court need not reach the service of process issue.

---

[8] *Lee v. Johnson,* 1996 WL 944868 at *2 (Del. Super. June 4, 1996).

[9] *Compare* 10 *Del. C.* § 4001 ("no claim or cause of action shall arise . . .against the State or any . . . agency of the State") and §§ 4010, 4011 (laying out the rules of immunity from suit applicable to claims against a "municipality, town, county, administrative entity or instrumentality," etc.).

[10] *Morales v. Family Foundations Acad., Inc. Sch.,* 2013 WL 3337798, at *6 (Del. Super. June 11, 2013) ("Because Plaintiff has failed to sufficiently plead facts necessary to overcome sovereign immunity under the DSTCA, her claims will be barred.").

WHEREFORE, for the foregoing reasons, Defendants' Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

<u>/s/ Noel Eason Primos</u>

Judge

NEP/wjs
*Via File&ServeXpress & U.S. Mail*
oc.    Prothonotary
cc.    Jason D. Warren, Esquire
      Devera Scott, Esquire