**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| DARRELL J. BAKER, Administrator of and on Behalf of the Estate of DAVID E. PEIRSON II, and JULIE ANN PEIRSON, Individually, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N24C-02-177 CEB |
| CHASE BANK USA, N.A., and JONES LASALLE INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

Submitted: January 15, 2025
Decided: April 11, 2025

### ORDER

1.     David Peirson ("Decedent") was on the premises of Chase Bank's ("Defendant") Christiana Gateway building – a 12-story building – in Wilmington, Delaware, to work as an independent computer contractor.[1] According to the Complaint, security cameras on the roof of the Christiana Gateway building observed Decedent walking around on the roof.[2] But Jones LaSalle ("Defendant") –

---

[1] D.I. 1 Compl. at 2 (Feb. 16, 2024), Trans. ID 72063459 [hereinafter Compl.].

[2] *Id.* at 2-3.

which provided security services for the Christiana Gateway building – allegedly took no action in response after seeing Decedent on the roof.[3] Later that day, Decedent was found dead on the sidewalk next to the Christiana Gateway building.[4]

2. Darrell Baker, Administrator of Decedent's Estate, ("Plaintiff") alleges that Defendants acted negligently by failing to provide safe premises at the Christiana Gateway building.[5] Plaintiff asserts that Defendants were negligent by failing to prevent unauthorized access to the roof and did nothing after seeing Decedent on the roof.[6] The Complaint alleged negligence and wrongful death.[7]

3. Defendant Chase Bank has moved to dismiss the Complaint, arguing that Defendant had no duty to Decedent.[8] Chase says a duty to attempt prevention of a suicide depends on whether a "special relationship" existed between Decedent and Defendants and none existed here.[9]

---

[3] *Id.* at 3.

[4] *Id.*

[5] *Id.* at 4-6.

[6] *Id.* at 4.

[7] *Id.* at 4-6.

[8] D.I. 37 Def.'s Mot. to Dismiss at 2 (Oct. 14, 2024), Trans. ID 74748342 [hereinafter Def.'s Mot. to Dismiss].

[9] *Id.* at 6.

4.      Plaintiff does not really dispute that a duty to attempt prevention of a suicide does not exist outside a special relationship.  Instead, Plaintiff says there are no allegations in the Complaint that Decedent died by suicide.[10]

5.      Chase responds that if there is no special relationship and Plaintiff is arguing some general duty to keep the roof safe,  the hazards of being on the roof of a  12-story building would be  obvious to any person of ordinary care and prudence.[11] If all building owners were liable  simply because they have control of a building, then all building owners would be strictly liable to all business invitees on roofs.[12]

6.      On a motion to dismiss, the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in favor of the party opposing the motion.[13] The Court is "limited to the well-pled allegations in the complaint."[14] An allegation is well-pled when the allegation "puts the opposing party on notice of the claim brought against it."[15] The motion to dismiss should be granted only if

---

[10] *Id.* at 4.

[11] D.I. 46 Def.'s Resp. at 3 (Jan. 15, 2025), Trans. ID 75446817.

[12] *Id.* at 5.

[13] *Williams v. Newark Country Club*, 2016 WL 6781221, at *1 (Del. Super. November 2, 2016) (citing *L & R Saunders Assoc. d/b/a Radiology Professionals v. Bank of America*, 2012 WL 4479232 (Del. Super. Sept. 12, 2012)).

[14] *CH Assocs. XI, LLC v. 1102 W. St., LP*, 2025 WL 671767, at *5 (Del. Super. Mar. 3, 2025) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005)).

[15] *Peters ex rel. Peters v. Texas Instruments Inc.*, 2011 WL 4686518, at *2 (Del. Super. Sept. 30, 2011).

"under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[16]

7.      Courts have the discretion to deny a motion 12(b)(6) motion to dismiss, so that the parties can conduct discovery and clarify the issues in dispute.[17] If "plaintiff seeking to avoid dismissal advances a non-frivolous legal argument that would defeat the motion if the facts turn out to be as it alleges, the court usually must allow the plaintiff to take discovery to gather proof of those facts."[18] A motion to dismiss should be denied "when developing the factual record may be necessary."[19]

8.      Chase cannot be faulted here for moving to dismiss.  Somehow, it had a copy of the decedent's death certificate and appended it to its motion.  It says the cause of death was suicide and the allegations of the Complaint certainly suggest that this is indeed what happened.[20] But in the face of Chase's motion, Plaintiff takes

---

[16] *Murray v. Mason*, 244 A.3d 187, 192 (Del. Super. 2020), modified (Jan. 5, 2021) (quoting *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del. Super. Aug. 20, 2004)).

[17] *Universal Cap. Mgmt., Inc. v. Micco World, Inc.*, 2012 WL 1413598, at *5 n.34 (Del. Super. Feb. 1, 2012) (citing *In re General Motors (Hughes) S'holder Litig,* 897 A.2d 162, 168–69 (Del.2006); *Marvel v. Prison Industries*, 884 A.2d 1065, 1070–71 (Del. Super. 2005); *In re Walt Disney Co. Derivative Litig.*, 825 A.2d 275, 291 (Del. Ch.2003)).

[18] *Degregorio v. Marriott Int'l, Inc.*, 2018 WL 3096627, at *7 (Del. Super. June 20, 2018) (quoting *Simon v. Navellier Series Fund*, 2000 WL 1597890, at *4 (Del. Ch. Oct. 19, 2000)).

[19] *ANI Pharms., Inc. v. CG Oncology, Inc.*, 2024 WL 4986509, at *9 n.117 (Del. Super. Nov. 18, 2024) (quoting *Chester Cnty. Employees' Ret. Fund v. KCG Holdings, Inc.*, 2019 WL 2564093, at *10 (Del. Ch. June 21, 2019)).

[20] Def.'s Mot. to Dismiss at 2.

4

the contrary position, urging that suicide has not been established and perhaps there was some other reason for Decedent's "leaving the roof."[21]

9. So instead of arguing that Chase had a special relationship with Decedent for which it may be held liable in tort, Plaintiff suggests that Chase had a general duty to keep the premises safe, including the roof. Exactly what Chase did or did not do to keep the roof safe obviously requires inquiry into facts not currently of record, thus avoiding dismissal.

10. Whether Decedent died by suicide is not in the record before the Court in this 12(b)(6) motion to dismiss.[22] The Court agrees that if the Decedent died by suicide, Plaintiff cannot make a case for any special relationship and therefore Chase's duty ends at that of the duty it would owe to any business invitee. We simply do not know enough at this early pleading stage about Chase's maintenance of the building, access to the roof or whether routine safety precautions were met to rule on a motion to dismiss. Chase makes a fair point that it is not the guarantor of the safety of all invitees, but the Court cannot preclude at least limited discovery into Chase's routine safety precautions with respect to the roof before ruling on this matter. Given the strictures placed on the Court by the standard of review on a

---

[21] Compl. at 4.

[22] "The complaint generally defines the universe of facts that the trial court may consider in ruling on a Rule 12(b)(6) motion to dismiss." *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d at 168 (citing *Malpiede v. Townson*, 780 A.2d 1075, 1082 (Del.2001)).

motion to dismiss, the Court cannot conclude definitively that there are no reasonably conceivable set of facts that would deny Plaintiff relief.

For the reasons above, Defendant's motion to dismiss must be **DENIED**.

**IT IS SO ORDERED.**

 **/s/ Charles E. Butler**
Charles E. Butler, Resident Judge

cc:    Gary W. Aber, Esquire
       Timothy H. Rohs, Esquire
       David G. Culley, Esquire